### PEEPLES et al. v. NAGEL et al.

### No. 11034.

Court of Civil Appeals of Texas. Galveston.

Feb. 21, 1940.

Rehearing Denied March 14, 1940.

Gammage, Gammage & Bauer, of Houston (Earl W. Gammage, of Houston, of counsel), for appellants.

Sewall Myer, City Atty., and Spurgeon E. Bell, Asst. City Atty., both of Houston, for appellees.

GRAVES, Justice.

The record before this court in this cause is one brought here, in due compliance with R.S. Art. 4662, and reflects an appeal from an order of the 127th District Court of Harris County, refusing the appellants a temporary injunction against the appellees, as well as a sought-for writ of mandamus; such appeal has likewise under that statute been advanced for consideration here; in addition, and somewhat as ancillary to such appeal, the same appellants have likewise by an original application, given motion No. 11842, in this court, sought what they term "writs of temporary injunction, mandatory injunction, and mandamus, and/or temporary restraining order", the objective of which is in the aggregate essentially the same relief as is prayed for in their appeal, referred to.

The whole purpose of both proceedings in this court is to get a reversal of the action of the trial court in having sustained the appellees' general demurrer to the appellants' petition, seeking all such enumerated writs, mainly against W. H. Maunsell, Comptroller of the City of Houston, as well as other officers and agencies of the city, requiring him to approve certain bonds placed with him officially by the appellants (constituting a group of master-electricians and their bondsman, appellant Lloyds Casualty Insurer, along with its attorney in fact, appellant Earl W. Gammage); the challenged order, insofar as deemed needful of precise mention, being in part as follows:

"And thereupon next came on for consideration before the Court said general demurrer of defendants to said petition and application of plaintiffs for the ordering and granting by this Court that writs of temporary injunction, mandatory injunction and mandamus issue as herein prayed for; and the court, after considering said general demurrer and hearing· the arguments of counsel thereon, is of the opinion that same is good and should be here and is hereby sustained, and plaintiffs are given ten (10) days from date hereof to amend, which leave to amend was not sought by plaintiffs, and plaintiffs declined to amend and again offered the petition and application for a temporary injunction, mandatory injunction ·and mandamus, and the court being of the opinion that the pleadings state no cause of action therefor, the same is denied and refused, to which action plaintiffs, and each of them, in open court duly and timely excepted, and each of them, in open court duly and timely gave notice of appeal to the Court of ·Civil Appeals for the First Supreme Judicial District of Texas, sitting at Galveston.

"* * * and that plaintiffs have duly and timely in open ·court requested that

writs of temporary-injunction, mandatory-injunction, and mandamus issue and be granted herein, as prayed for in their petition and application herein, in order to preserve and protect the subject-matter of this suit and keep same in status quo pending the appeal of this case, the Court is of the opinion and finds that each of said requests are without merit and that to fix the amount of supersedeas bond would serve no purpose and is not proper upon sustaining a demurrer, should be, and are hereby, denied and refused, to which actions, plaintiffs, and each of them, except and object."

All well-pleaded averments of the petition so acted upon being taken as true, as must be done in reviewing that order, it is the opinion of this court that the learned trial court exceeded a sound judicial discretion at least in not having, by writ of temporary injunction, preserved, and protected the subject-matter of this suit, and thereby kept it in statu quo, pending the final trial on the merits of the cause pending there for the various forms of permanent relief so sought therein by the appellants.

It is further concluded that a decree from this court, instructing the granting of that relief now by the learned trial court, will be all that is necessary to keep the subject-matter of the suit in such statu quo until its final trial there upon the facts; wherefore, and for that reason only, without discussing the reasons therefor, the original jurisdiction of this court so invoked in the ancillary motion or application numbered 11842 will be denied.

The conclusion that the appellants were entitled to such temporary injunctive relief below rests in the main upon these considerations:

(1) The only ground for the comptroller's refusal to approve the bonds, taken as true under the rules stated, is in substance thus alleged in the petition:

"defendant Maunsell, City Controller, charged with the duty of approving said bonds, refused to approve plaintiff-electricians' bonds with said Lloyds Casualty Insurer as surety thereon tendered to and deposited with him, upon the sole ground that Lloyds Casualty Insurer was not one of the surety companies listed by the United States Government and Treasury Department, regardless of the solvency or good financial condition of plaintiffs' said surety company, and without said defendant checking or investigating plaintiffs'

surety company, or asking for its financial statement, or any other evidence of its solvency; and by virtue thereof there is no other reason why said defendant Maunsell declined to accept said bonds of plaintiffs;"

(2) The ordinance of the City of Houston, under which the Comptroller so acted, merely in effect providing that it should be the Comptroller's duty to approve all such bonds, did not vest him with the broad discretion to do so or not as he saw fit in the circumstances thus alleged here; because, to so hold would amount to decreeing that such ordinance took precedence over the general law of the State, as declared in R.S. Ch. 16, Arts. 4969 to 4977, inclusive, wherein, in substance, the law is contrarily provided to this effect:

"And such execution by such [surety] company of such bond, undertaking, obligation, recognizance or guarantee shall be in all respects a full and complete compliance with every law, charter, rule or regulation, that such bond, undertaking, obligation * * * shall be executed by one surety * * * and all courts, judges, heads of departments, boards, bodies, municipalities, and public officers of every character shall accept and treat such bond, undertaking, obligation, recognizance or guarantee, when so executed by such company, as conforming to, and fully and completely complying with, every requirement of every such law, charter, ordinance, rule or regulation." Article 4970.

(3) The limitation of an eligible bondsman to such only as appeared in the U. S. Treasury list, calling for a paid-up capital of not less than $250,000, together with a deposit with the Insurance Department of not less than $100,000 in legal securities, so far exceeded those of R.S. Art. 4969, supra, which only required a $100,000 capital stock and a $50,000 deposit, as to have constituted an arbitrary and unreasonable construction; R.S. Art. 5009, and Art. 5016, as amended by Acts 1929, 1st Called Sess., c. 11, § 1, Vernon's Ann.Civ.St. Art. 5016; Universal Transport Co. v. Cantu, reported in Tex.Civ.App., 75 S.W.2d 697; Giles v. City of Houston, Tex.Civ.App., 59 S.W.2d 208, 209.

(4) The holding herein made is available to all of the appellants as against all the appellees named in this record, irrespective of the contention of appellees that twelve of the appellants eliminated themselves from any relief by mandamus

because they had meanwhile, since the perfection of their appeal in the temporary injunction cause, tendered bonds which had been approved by the appellee Maunsell; this for the reason that both appellants and appellees, as indicated, supra, are all here before this court under the appeal bond filed in the temporary injunction cause, and all such appellants therein seek still the injunctive relief prayed for and herein granted.

(5) Pursuant to these conclusions, the cause for injunctive relief will be remanded to the trial court, with instructions to grant that relief in favor of all appellants as against all appellees in such manner and form as will preserve the status quo of the entire controversy upon that phase, as it existed when the court's order was entered, refusing appellants any relief on January 15th of 1940, and until final trial of the whole cause on the facts.

It will be so ordered; reversed and remanded, with instructions.

Reversed and remanded.