Daniel TOBIN, Jr., County Judge, et al.,
Appellants,

v.

Donato SERNA, Appellee.

No. 12801.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 9, 1955.

Rehearing Denied March 9, 1955.

M. J. Raymond, V. C. Woods, Laredo, Luther E. Jones, Jr., Corpus Christi, for appellants.

Perkins, Floyd & Davis, Kenneth Oden, Alice, John Ben Shepperd, John Reeves, Austin, for appellee.

PER CURIAM.

This is an appeal from a decree ordering the members of the commissioners' court of Duval County to forthwith "proceed to approve the official bond presented by Petitioner (Donato Serna) as County Auditor or to approve a good and sufficient official bond so presented by Petitioner." This order was accompanied by appropriate provisions restraining the respondents below from interfering with Serna's assumption of the duties of County Auditor of Duval County. Although there is one preliminary procedural matter raised, the substantial question presented by this appeal is whether or not the office of County Auditor had been abolished at the time Serna was appointed.

It is asserted by appellants, who are the county judge and county commissioners of Duval County, that the court erred in overruling a plea in abatement for the reason that the suit was in effect a mandamus action and not a suit for injunction.

There are historical differences between the two writs. The writ of mandamus is an extraordinary legal remedy, while the injunction, be it restraining or mandatory in form, is a creature of equity. There are likewise certain procedural rules which vary as applied to the two classes of writs, particularly when a temporary mandatory order to maintain a status quo is concerned. It seems that a temporary mandatory injunction for such purposes may be employed until a final writ of mandamus is issued. Texas Pipe Line Co. v. Burton Drilling Co., Tex.Civ.App., 54 S.W. 2d 190. In the present case, the order appealed from is not a temporary one. There is no contention that procedures applicable to the issuance of a writ of mandamus were not followed. The order is clear and definite in terms. It seems that it could be properly classified as a mandamus, but the fact that it was not referred to by that name in either the order itself or the supporting pleadings would not invalidate the order.

The substantial question is presented by the following facts:

In 1937, the valuations of property within Duval County for tax purposes were placed at an amount in excess of $15,000,000. The provisions of Article 1645, Vernon's Ann. Tex.Stats., thereupon became applicable to the County, and the Judge of the District Court of Duval County appointed C. T. Stansell as County Auditor. Stansell was reappointed for successive terms, his last appointment being made in January of 1953. He resigned in March of 1954, whereupon W. M. Benson was appointed, but he too resigned the following month. The Hon. A. S. Broadfoot, then acting district judge of Duval County entered an order dated April 2, 1954, in which such resignation was accepted and it was accordingly "ordered by the Court that the office of County Auditor of Duval County, Texas, be, and the same is hereby declared to be vacant."

On the 5th day of April following, the commissioners' court of Duval County entered an order in which it found that there was no public necessity for the office of County Auditor for Duval County, and ordered that the services of a County Auditor be dispensed with and that the duties of a County Auditor be assumed and performed by the County Clerk of Duval County, as prescribed by general law.

On May 25, 1954, Judge Broadfoot appointed the appellee to the vacant position of County Auditor, but the commissioners' court of Duval County has refused to recognize him as such and refused to approve the statutory bond tendered by him,

not upon the grounds that the same was insufficient or inadequate in any way, but upon the premise that there is no such office as County Auditor of Duval County. In their brief the appellants describe the order of the district judge of April 2, as one declaring the office of County Auditor abolished, and assert that the subsequent order of the commissioners' court should be given effect, as it was not shown that there was a petition made by the commissioners' court to the district judge requesting that an auditor be appointed. The statute relied upon by appellants is 1645a–8, Vernon's Ann.Tex.Stats., as amended by Acts 1953, 53rd Leg. p. 574, ch. 217, § 1, reads as follows:

"No County Auditor shall hereafter be appointed in any county having a population of not more than twenty-five thousand, five hundred (25,-500) and not less than three thousand (3,000) where no such County Auditor has been appointed by the District Judge prior to the effective date of this Act, except upon the petition of the County Commissioners Court and in all such counties the duties of such County Auditor in such County shall be performed by other officers as may be prescribed by general law."

While some contention is made that this statute is unconstitutional, we need not consider that question, as the statute by its express terms does not apply to Duval County. The Act applies only to counties within the designated population bracket, "where no such County Auditor has been appointed by the District Judge prior to the effective date of this Act." This Act became effective on May 27, 1953. Prior to that date C. T. Stansell had been appointed as County Auditor and was holding such office when the 1953 Act took effect. This legislative enactment cannot be construed as providing that if for some reason the office of County Auditor should become vacant after its effective date, an appointment to fill such vacancy could not be made except upon petition of the county commissioners' court. Nor can Judge Broad-

foot's order of April 2d be construed as "abolishing" the office of County Auditor, assuming that the district judge is vested with such authority.

Appellants' brief discloses no reversible error and the decree appealed from is accordingly affirmed.