**LAWYERS SURETY CORPORATION,**
Appellant,

v.

**Walter H. RANKIN, Constable Precinct #1,
Harris County, Texas, et al., Appellees.**

**No. 865.**

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Sept. 26, 1973.

Rehearing Denied Oct. 17, 1973.

George Red, Red & Kemp, Weldon Funderburk, Funderburk & Bates, William R. Powell, Houston, for appellant.

Joe Resweber, Co. Atty., Billy E. Lee, Houston, for appellee.

TUNKS, Chief Justice.

The 113th District Court of Harris County rendered default judgment in favor of Western National Bank and against James L. Norton. The bank caused a writ of execution to be issued pursuant to that judgment. The writ was delivered to Walter H. Rankin, Constable of Precinct Number One of Harris County, to levy on property of Norton. The constable took possession of certain personal property of Norton and gave notice of sale. Norton was ill and his wife went to Lawyers Surety Corporation to get a bond with which to regain possession of the property. Lawyers Surety, acting through its deputy attorney-in-fact, L. Alexander Lovett, executed a bond. The bond was then tendered to the constable and he, relying on it, released the property to Norton. Though demand has been made that they do so, neither Norton nor Lawyers Surety has either paid the bank's judgment or returned the property released to Norton. For that reason the constable has refused to approve any more bonds issued by Lawyers Surety and says that he will continue to do so until the bank's judgment is satisfied to the extent of the amount of the bond. Lawyers Surety filed this suit against Rankin in the 125th District Court of Harris County asking an adjudication of its right to have its bonds approved and for a recovery of damages. It asked for temporary and permanent injunctions directing that its bonds be approved. After a hearing the trial court denied a temporary injunction. Lawyers Surety has appealed from such denial.

■ The appellant holds a certificate of authority from the Texas State Board of Insurance authorizing it to transact the business of fidelity and surety insurance. For that reason the appellee has no discretion but to approve its surety bonds, if they are in proper form and properly executed, in the absence of some fact which would justify a refusal to approve. Absent such fact the approval is a ministerial act. International Fid. Ins. Co. v. Sheriff of Dallas Co., 476 S.W.2d 115 (Tex.Civ.App. —Beaumont 1972, writ ref'd n. r. e.).

The bond over which this controversy arose was defective in several respects. It was on a printed form for a bond by a plaintiff in a case where property has been taken under a writ of sequestration and plaintiff seeks to replevy it as provided by Tex.R.Civ.P. 708. The bond properly called for in this instance was a delivery bond provided for by Tex.R.Civ.P. 644. At the top of the form were the printed words "REPLEVY BOND BY PLAINTIFF." The word "PLAINTIFF" had been stricken out and the word "Defendant" written in by pen. The attorney-in-fact for lawyers Surety testified that the change was made after he delivered the bond to Norton's wife. The style of the case for which the bond was made was written on the bond by the attorney-in-fact as "Western National Bank v. James L. Norton, Jr." The language in the body of the bond is ambiguous. It recites that the property has been delivered to Western National Bank, but identifies Norton as the principal on the bond. This too is in the handwriting of the attorney-in-fact for Lawyers Surety. The bond is duly executed for Lawyers Surety as surety but is not signed by any principal. In the brief testimony heard by the trial court in the ancillary proceeding, there is no explanation why those discrepancies occurred. That proceeding was not one to determine the ultimate questions as to who, if anyone, would have liability on the bond. Certainly, the record does not show Lawyers Surety to be liable on it as a matter of law and permits the conclusion that its denial of liability is in good faith.

■ The appellant here seeks a temporary mandatory order compelling the appellee to approve bonds to be tendered by it in the future. Courts are reluctant to issue mandatory orders in ancillary proceed-

ings. They will do so only when the right thereto is clearly shown and when such an order is necessary to prevent a serious injury that is not compensable. Rhodia, Inc. v. Harris County, 470 S.W.2d 415 (Tex. Civ.App.—Houston (1st Dist.) 1971, no writ).

 Furthermore, the nature of the temporary order sought is of significance. If the order is of such a nature as to be unreasonably burdensome on the one against whom it is to be issued such fact may justify its denial. Particularly is it true that a court is reluctant to issue a temporary order that is heavily burdensome upon a public officer in performance of his official duties. See Ben Wheeler Ind. Sch. Dist. v. County School Trustees, 414 S.W. 2d 477 (Tex.Civ.App.—Tyler 1967, writ ref'd n. r. e.).

To demonstrate the significance of the character of the order in question we have compared it with that involved when the Court did order a temporary mandatory injunction against a public officer. In Peeples v. Nagel, 137 S.W.2d 1064 (Tex.Civ. App.—Galveston 1940, writ dism'd jdgmt. corr.), the Court ordered a city comptroller to approve certain electrician's bonds where the sole ground for refusing to approve them was that the surety was not qualified, when, in fact, the surety was so qualified. There the Court ordered the performance of a ministerial act as to particular proper bonds that had already been presented for approval. By contrast, in this suit the plaintiff is asking the Court to order the defendant to approve all proper bonds presented by it in the future. The defendant would be placed in the position of ruling on the propriety of the form and execution of bonds tendered by plaintiff at the risk of being in contempt of court if he refused to approve what he erroneously believed to be a faulty bond.

The appellee argues that appellant should be denied the relief it seeks because it does not have "clean hands." He contends that appellant is in an inequitable stance be-cause it denies liability under the bond in question. The essence of what he says is that he is entitled to refuse to approve appellant's bonds until appellant waives its possibly valid defenses on the bond. We do not agree with appellee in that argument. However, the trial court could have concluded that appellant was to some extent at fault in creating this controversy. It appears that some of the defects in the bond on the basis of which liability is denied were the results of faulty draftsmanship by appellant. We do not pass on the question as to whether that fact would defeat appellant's defense to liability on the bond. It is noted as a fact that the trial judge could have considered as a basis for his ruling. Considering that fact and the nature of the temporary mandatory order asked by the plaintiff, we hold that the trial judge did not abuse his discretion in denying the temporary mandatory injunction.

Affirmed.