**Bill F. BOATMAN and Lou Boatman, Appellants,**

v.

**Charles A. LITES and Joyce B. Lites, Appellees.**

**No. 12-94-00135-CV.**

Court of Appeals of Texas, Tyler.

Sept. 30, 1994.

Rehearing Overruled Dec. 7, 1994.

Charles H. Clark, Tyler, for appellants.

Kerry L. Russell, Tyler, for appellees.

HOLCOMB, Justice.

This is an accelerated appeal from a temporary mandatory injunction order requiring that the Appellants move a dirt berm, or small levee from their property, which is adjacent to the Appellees. In two points of error, Appellants claim that the trial court erred when it granted the temporary injunction because Appellees did not prove irreparable harm, extreme hardship, or lack of an adequate legal remedy. We will address both points together and affirm.

In April, 1986, Charles and Joyce Lites ("the Lites"), Appellees, purchased a home on Phoenix South Drive in Henderson County, Texas. Two years later, they purchased an additional small tract of property. The developer of this area built a culvert diverting the water flow down through the Boatman property. Subsequently, Bill and Lou Boatman ("the Boatmans"), Appellants, purchased their home, which is south of and contiguous to the Lites' property. Running across the back of both parties' property is a creek.

Four years later, the Lites built a berm straight down the property line so that they could contain water on their property. Attempting to cut down on the erosion that was occurring, the Boatmans built a berm at a right angle to the property line, which raised the property level. Erosion occurred at the parties' common property line along the creek. The Lites made numerous attempts to get the Boatmans to remove the angled berm and to repair the damage to the Lites' property, but the attempts were unsuccessful. In an effort to get the Boatmans to take action, the Lites then filed suit against the Boatmans for negligence, and for violating Section 11.086 of the TEXAS WATER CODE.

At the temporary injunction hearing, Gary Adams, a certified consulting engineer, testified that because the Boatmans' property was lower than the Lites' property, the water runoff would have "sheeted" across the land had the Boatmans not built the berm. Instead, the water was channeled with such force that it caused the soil to erode. From the record, it appears the erosion was caused at the creek, where the soil was sandy, during heavy rains.

In its order granting the temporary injunction, the trial court stated "the court finds

that [the Lites] will probably prevail in trial of this cause; that [the Boatmans] have diverted water from their property to [the Lites'] property as alleged. . . . and that such diversion is causing a damage to [the Lites'] property; and unless [the Boatmans] are deterred from continuing to divert surface water [the Lites] will be without adequate remedy of law in that they will suffer continued damage to [the Lites] real property."

■ In two points of error, Appellants maintain that the court erred when it granted the Lites' request for mandatory temporary injunction. At the temporary injunction hearing, the only question before the trial court was whether the Lites were entitled to preserve the status quo of the subject matter of the suit, pending trial on the merits. *Davis v. Huey*, 571 S.W.2d 859, 862 (Tex. 1978).

Section 65.011 of the TEXAS CIVIL PRACTICE & REMEDIES CODE sets out the following grounds that must be proven before a court can grant a writ of injunction:

A writ of injunction may be granted if:

(1) the applicant is entitled to the relief demanded and all or part of the relief requires the restraint of some act prejudicial to the applicant;

(2) a party performs or is about to perform or is procuring or allowing the performance of an act relating to the subject of pending litigation, in violation of the rights of the applicant, and act would tend to render the judgment in that litigation ineffectual;

(3) the applicant is entitled to a writ of injunction under the principles of equity and the statutes of this state relating to injunction; [or]

. . . . .

(5) irreparable injury to real or personal property is threatened, irrespective of any remedy at law.

TEX.CIV.PRAC. & REM.CODE ANN. § 65.011 (Vernon 1994).

■ It is only under exceptional circumstances that a mandatory injunction will be granted prior to a final hearing, and a trial court should issue such a writ only where the right thereto is clearly established and a mandatory order is necessary to prevent irreparable injury. *Haynie v. General Leasing Co., Inc.*, 538 S.W.2d 244 (Tex.Civ.App.—Dallas 1976, no writ). However, in *Lawyer's Surety Corp. v. Rankin*, the court stated:

Generally, the preservation of the quo can be accomplished by an injunction prohibitory in form, but it sometimes happens that the status quo is a condition not of rest, but of action, and the condition of rest is exactly what will inflict the injury on complainant. In such a case, courts of equity issue mandatory writs before the case is heard on its merits. This character of cases has been repeatedly held to constitute an exception to the general rule that temporary injunction may not be resorted to obtain all relief sought in the main action; such temporary injunction may be mandatory in character.

*Lawyer's Surety Corp. v. Rankin*, 500 S.W.2d 181 (Tex.Civ.App.—Houston [14th Dist.] 1973, writ ref'd n.r.e.); *Rhodia v. Harris County*, 470 S.W.2d 415, 419 (Tex.Civ. App.—Houston [1st Dist.] 1971, no writ).

■ On appeal, we are limited in our consideration as to whether the trial court clearly abused its discretion in making the foregoing determination. An abuse of discretion does not exist where the trial court bases its decision on conflicting evidence. Because no findings of fact or conclusions of law were filed, other than those contained in the order granting temporary injunction, the trial court's judgment must be upheld on any legal theory supported by the record. *Seaman v. Seaman*, 425 S.W.2d 339, 341 (Tex. 1968).

■ In this case, the Lites alleged common law negligence and violation of the TEXAS WATER CODE. Section 11.086 reads as follows:

(a) No person may divert or impound the natural flow of surface waters in this state, or permit a diversion or impounding by him to continue, in a manner that damages the property of another by the overflow of the water diverted or impounded;

(b) A person whose property is injured by an overflow of water caused by an unlawful diversion or impounding has remedies at law and *in equity,* and may recover damages occasioned by the overflow.

TEXAS WATER CODE ANN. § 11.086(a), (b) (Vernon 1993); *see also, Bily v. Omni Equities, Inc.,* 731 S.W.2d 606 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.).

The predecessor statute to TEXAS WATER CODE, section 11.086 was Article 7589a. In *Red Lake Fishing and Hunting Club v. Burleson,* 219 S.W.2d 115 (Tex.Civ.App.—Waco 1949, writ ref'd), the plaintiff had filed a suit for damages and injunctive relief alleging that the defendant had built a dam and diverted the water. The court determined that when a violation of the statute occurred, it did not need to balance the equities as normally required in cases that requested injunctive relief. The court indicated that after a party established that the statute had been violated, "it was not necessary for Appellant to plead or prove that the damages resulting from the trespass of which it complained were beyond the possibility of repair by monetary compensation in order to authorize the court to grant equitable relief." *Id.* 219 S.W.2d at 119. The court further stated that "since the trespass is a continuing one, and under the evidence adduced, it can be avoided only by the lowering of Appellee's spillway and since such conduct violates the provisions of Article 7589(a) [now TEX. WATER CODE § 11.086], we think that the Appellant has the legal right to injunctive relief, that the Appellee should be required to lower their spillway so that their dam will not back water past their property line and onto and over the property of Appellant." *Id.* at 119.

The status quo could not be maintained in the case before us without the trial court's award of injunctive relief to the Lites. Ample evidence was entered in the record to show that the Lites suffered irreparable harm. Mr. Lites testified that his soil and grass washed away each time a heavy rain occurred. Adams, the engineer, testified that the berm built by the Boatmans caused the water run-off to be channeled which caused the erosion on both parties' property.

It was only practical for the court to order the Boatmans to remove the berm, otherwise the land would have continued to wash away or erode pending trial. Considering the damage that had occurred on the property, as well as the damage that was likely to continue in the future, the cost to the Boatmans to remove the berm was minimal. Had the court ordered a temporary injunction, without making the order mandatory in nature, the order would have been useless.

The Boatmans further contend that the injunctive relief given was error because the Lites had an adequate remedy at law. The court ordered the Lites to post a $2,500 bond for the injunction, and attempted to set the case for trial on the merits in June, 1994. However, the Boatmans asked the court to abate the trial on the merits until the appellate court disposed of this appeal. Therefore, the Boatmans' argument that the award of compensatory damages to the Lites should await a trial on the merits is without merit.

Under the particular facts of this case, we hold that the trial court did not abuse its discretion when it granted the mandatory injunction to the Lites and that the Lites have established a violation of Section 11.086 of the TEXAS WATER CODE.

The judgment of the trial court is **affirmed.**