ACCEPTED
01-15-00687-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
8/28/2015 5:15:06 PM
CHRISTOPHER PRINE
CLERK

# No. 01-15-00687-CV

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
8/28/2015 5:15:06 PM
CHRISTOPHER A. PRINE
Clerk

In the Court of Appeals for the
First District of Texas at Houston

ANNISE D. PARKER, MAYOR, ANNA RUSSELL,
CITY SECRETARY, AND CITY OF HOUSTON,

*Appellants,*

V.

DAVID B. WILSON,

*Appellee.*

On Appeal from the 270th Judicial District Court
Harris County, Texas
Trial Court Case No. 2015-39706

## Response to Notice to Show Court's Jurisdiction

DONNA L. EDMUNDSON
City Attorney

JUDITH L. RAMSEY
Chief, General Litigation
Section

Kathleen Hopkins Alsina
Senior Assistant City Attorney
State Bar No. 09977050
Patricia L. Casey
Senior Assistant City Attorney
State Bar No. 03959075
CITY OF HOUSTON LEGAL DEPARTMENT
900 Bagby, Fourth Floor
Houston, Texas 77002
832.393.6491 (Telephone)
832.393.6259 (Facsimile)
kate.alsina@houstontx.gov
pat.casey@houstontx.gov

*Attorneys for Appellants*

# Table of Contents

**Page**

Index of Authorities...............................................................................iii

Background......................................................................................... 1

Argument and Authority.........................................................................5

I.      The July 28 Order is a mandatory temporary injunction. ..............5

II.     A suit for a writ of mandamus, alone, does not entitle a
        plaintiff to an immediate mandatory injunction. ...........................9

III.    This appeal is controlled by *Qwest*. ............................................ 12

Certificate of Compliance ................................................................... 16

Certificate of Service ......................................................................... 16

# Index of Authorities

**Page(s)**

**Cases**

*Anderson v. City of Seven Points*,
806 S.W.2d 791 (Tex. 1991) ...............................................................9

*Bd. of Prison Comm'rs v. Binford*,
259 S.W. 169 (Tex. Civ. App.—Galveston 1924, no writ) ..................11

*Brines v. McIlhaney*,
596 S.W.2d 519 (Tex.1980) .................................................................7

*City of Houston v. Downstream Envtl., L.L.C.*,
No. 01-13-01015-CV, 2014 WL 5500486 (Tex. App.—Houston
[1st Dist.] Oct. 30, 2014, pet. abated) .............................................8, 14

*CMH Homes v. Perez*,
340 S.W.3d 444 (Tex. 2011) ................................................................6

*Del Valle Indep. Sch. Dist. v. Lopez*,
845 S.W.2d 808 (Tex.1992) .................................................................7

*Griffin v. Wakelee*,
42 Tex. 513 (1874) .........................................................................9, 10

*Helix Energy Solutions Grp. v. Howard*,
452 S.W.3d 40 (Tex. App.—Houston [14th Dist.] 2014,
no pet.) .......................................................................8, 11, 12, 14

*In re Hardwick*,
426 S.W.3d 151 (Tex. App.—Houston [1st Dist.] 2012,
no pet.) .................................................................................6, 7, 11

*In Re Woodfill*,
--- S.W.3d ---, 2015 WL 4498229 (Tex. July 24, 2015) (per
curiam) ..............................................................................................2

*Peeples v. Nagel*, 137 S.W.2d 1064 (Tex. Civ. App.—Galveston
1940, writ dism'd judgm't cor.) ........................................................... 11

*Plant Process Equip., Inc. v. Harris*,
579 S.W.2d 53 (Tex. Civ. App.—Houston [14th Dist.] 1979,
no writ) ................................................................................................. 8, 9

*Qwest Commc'ns Corp. v. AT&T Corp.*,
24 S.W.3d 334 (Tex. 2000) ..................................................... 6, 7, 13, 14

*Rusk State Hosp. v. Black*,
392 S.W.3d 88 (Tex. 2012) ...................................................................... 5

*Tobin v. Serna*,
277 S.W. 2d 176 (Tex. App.—San Antonio 1955, writ ref'd) ............. 11

*Wyly v. Pres. Dallas*,
165 S.W.3d 460 (Tex. App.—Dallas 2005, no pet.) ...................... 11, 13

**Statutes**

Tex. Civ. Prac. & Rem. Code § 6.002 ....................................................... 5

Tex. Civ. Prac. & Rem. Code § 51.014 ........................................... 5, 6, 12

**Other Authorities**

City of Houston Charter, Chapter VII-a § 2 ............................................. 3

City of Houston Charter, Chapter VII-a § 3 ............................................. 3

City of Houston Charter, Chapter VII-b § 2(a) ........................................ 3

Tex. R. App. P. 29.2 ................................................................................... 5

Tex. R. Civ. P. 680 .................................................................................. 11

Tex. R. Civ. P. 687 .............................................................................. 6, 13

Tex. R. Civ. P. 694 .................................................................................... 9

The Appellants, Annise D. Parker, Mayor, Anna Russell, City Secretary, and City of Houston (together "the City") respectfully file this response to the Court's Notice of August 19, 2015 requesting briefing on the question of the court's jurisdiction over the interlocutory order of July 28, 2015.

## Background

On May 28, 2014, the Houston City Council voted to pass Ordinance No. 2014-530, known as the Houston Equal Rights Ordinance, also referred to as "HERO." The equal rights ordinance prohibits discrimination based on an individual's sex, race, color, ethnicity, national origin, age, familial status, marital status, religion, disability, sexual orientation, genetic information, gender identity, or pregnancy in city contracts, public accommodations, private employment (excluding religious organizations), city services, city employment and housing. R.0114-31.[1] The Texas Supreme Court has ordered that the equal rights ordinance be submitted to the voters of the City of Houston

---

[1] The Clerk's Record in this appeal has not yet been filed. However, in their Response to Wilson's Motion to Dismiss Appeal filed August 14, 2015, Appellants attached bates-stamped certified copies of the documents referenced in their Response and cite to them as R.__ [bates number]. Those bates-stamped documents can be found in the Appendix to Appellants' August 14, 2015 Response.

in the November 2015 election. *In Re Woodfill*, --- S.W.3d ---, [2015 WL 4498229](#) (Tex. July 24, 2015) (per curiam).

The equal rights ordinance was officially published on June 3, 2014. The only place in the City Code of Ordinances where "gender identity" is defined is in the equal rights ordinance. There is no definition of or reference to "gender identity" in the Houston City Charter.

The equal rights ordinance was the subject of a timely-filed petition for a referendum to repeal the ordinance, which eventually was the subject of a jury trial[2] and a petition for writ of mandamus to the Texas Supreme Court.[3] During the same time period, Wilson was circulating his own separate petitions for a definition of "gender identity" that was contrary to the definition in the equal rights ordinance. R.0028. Wilson's goal was obvious—to repeal the part of the equal rights ordinance that defines "gender identity."

On July 9, 2015, over a year after the equal rights ordinance was adopted, Wilson finally presented his petition to the City Secretary.

---

[2] *Woodfill, et al. v. Anna Russell, City Secretary, et al.*, No. 2014-44974, in the 152nd District Court, Harris County, Texas.

[3] *In re Woodfill*, --- S.W.3d ---, [2015 WL 4498229](#) (Tex. July 24, 2015).

R.0157. Under the City Charter, a referendum on an ordinance must be filed within 30 days of the day the ordinance was published and must conform to specific "form and manner" requirements, including a requirement that there must be a specified circulator's affidavit on every page.[4] Wilson's petition did not conform to those requirements and therefore the City Secretary did not have a ministerial duty to count the signatures. The City Secretary rejected the petition as untimely and not in compliance with the City Charter's requirements for a referendum petition. R.0157.

Wilson alleged his petition was a "charter amendment" instead of a referendum petition. The next day he filed in the district court his "Original Petition for Mandamus." R.0001. Wilson originally pled for "*mandatory injunctive relief* to require each of the Respondents to fulfill their ministerial duties" and in his prayer sought "all other and further declaratory *and injunctive relief* to which Petitioners may show themselves to be justly entitled." R.0010 (emphasis added). Immediately, even before the City was served with the Petition, it was served with a "Notice of Hearing" setting a "Motion to Mandamus" for

---

[4] City of Houston Charter, Chapter VII-a §§ 2, 3; VII-b § 2(a).

hearing on Monday, July 13, 2015 at 9:00 a.m., three days after the petition had been filed. R.0012.6.

At the July 13 hearing, the Court sustained the City's objection to proceeding with the action with insufficient notice. Wilson amended his lawsuit and immediately reset the mandamus to July 24, 2015. R.0053. In the amended petition, Wilson dropped his claims against the City and the Mayor, and asserted a claim for declaratory relief.[5] R.0038. Significantly, he also removed the request for mandatory injunctive relief. R.0042.

Twelve days after the original petition was filed, the trial judge heard Wilson's "mandamus" petition. Wilson offered no evidence at the hearing, but asked the court to grant immediate emergency relief. R.0094. On July 28, 2015, the trial court entered an order that

> Anna Russell in her capacity as City Secretary for the City of Houston shall count and certify to Houston City Council the number of valid signatures contained in the petition submitted by Plaintiff on or before 30 (thirty) days from the date the same were filed, namely July 9, 2015.

R.0180.

---

[5] They were still named as parties but the only claims in the body of the petition were against the City Secretary.

The City unsuccessfully sought clarification of the Order and an extension of time to comply, based on Ms. Russell's affidavit that she did not believe that she and her staff would be able to timely comply. R.0187.

The City timely filed a notice of interlocutory appeal and superseded the order. Tex. Civ. Prac. & Rem. Code §§ 51.014(a)(4) and 6.002; Tex. R. App. P. 29.2.

After this Court denied Wilson's motion to dismiss the City's appeal, the Court ordered the City to demonstrate the basis of the Court's jurisdiction over the interlocutory appeal.

## Argument and Authority

### I.     The July 28 Order is a mandatory temporary injunction.

The basis for this Court's jurisdiction is that the July 28, 2015 order is a temporary injunction, appealable as an interlocutory order under Texas Civil Practice and Remedies Code section 51.014(a)(4).

Ordinarily, Texas appellate courts have jurisdiction only over final judgments. *Rusk State Hosp. v. Black*, 392 S.W.3d 88, 92 (Tex. 2012). An exception to this general rule exists when a statute authorizes an interlocutory appeal. *CMH Homes v. Perez,* 340 S.W.3d 444, 447 (Tex.

2011). The Civil Practice and Remedies Code provides for an interlocutory appeal from an order that "grants or refuses a temporary injunction or grants or overrules a motion to dissolve a temporary injunction as provided by Chapter 65." Tex. Civ. Prac. & Rem. Code § 51.014(a)(4). A temporary injunction is not identified by its label, but by the nature of its "character and function." *Qwest Commc'ns Corp. v. AT&T Corp.*, 24 S.W.3d 334, 338 (Tex. 2000).

Under Rule 687, a temporary injunction may be either prohibitive or mandatory—it may order a party to "desist and refrain from the commission or continuance of the act enjoined," or to "obey and execute such order as the judge has seen proper to make." Tex. R. Civ. P. 687; *In re Hardwick*, 426 S.W.3d 151, 159 (Tex. App.—Houston [1st Dist.] 2012, no pet.) ("An injunction may be either prohibitive, forbidding particular conduct, or mandatory, requiring particular conduct."). The trial court's order here was mandatory. It ordered that the City Secretary "shall count and certify to the Houston City Council the number of valid signatures." R.0180. Although the order does not acknowledge it is a mandatory temporary injunction, the Texas Supreme Court has long ago "rejected the notion that 'matters of form control the nature of the order

6

itself.'" *Qwest,* 24 S.W.3d at 336 (quoting *Del Valle Indep. Sch. Dist. v. Lopez,* 845 S.W.2d 808, 809 (Tex.1992)); *see also, e.g., In re Hardwick,* 426 S.W.3d at 159 (citing *Lopez,* 845 S.W.2d at 809) ("Matters of form do not control whether an order is an injunction; rather 'it is the character and function of an order that determine its classification.'").

In *Qwest*, the Supreme Court held that a trial court's interlocutory order that compelled *Qwest* to undertake certain monitoring and notice provisions when conducting its operations was a temporary injunction. The Court explained:

> In *Del Valle Independent School District v. Lopez*, we rejected the notion that "matters of form control the nature of the order itself—it is the character and function of an order that determine its classification." 845 S.W.2d 808, 809 (Tex. 1992). We reasoned that if errors in the form of the order determined the order's status, then those errors would deny review of the very defects that render the order void. *See Del Valle*, 845 S.W.2d at 809–10; *Brines v. McIlhaney*, 596 S.W.2d 519, 523 (Tex.1980).

*Qwest,* 24 S.W.3d at 336.

The Fourteenth Court of Appeals' recent decision in *Helix* similarly found that an interlocutory order requiring a maritime employer to make payments to a seaman was a temporary injunction, even though it was styled as an order granting a motion to compel.

7

*Helix Energy Solutions Grp. v. Howard*, 452 S.W.3d 40, 44 (Tex. App.—Houston [14th Dist.] 2014, no pet.). Justice Christopher's comment in that case applies equally here: "[Plaintiff] has not cited, and we have not found, any provision of Texas procedural law authorizing a litigant to obtain an interlocutory order on the merits from a state court while avoiding both the rules governing summary judgments and those governing injunctive relief." *Id.*

This Court similarly has held that an order that was labeled an agreed order, but that "functions as a temporary injunction" was appealable as a temporary injunction for purposes of the Court's interlocutory appellate jurisdiction. *City of Houston v. Downstream Envtl., L.L.C.*, No. 01-13-01015-CV, 2014 WL 5500486, at *5 (Tex. App.—Houston [1st Dist.] Oct. 30, 2014, pet. abated). *See also Plant Process Equip., Inc. v. Harris*, 579 S.W.2d 53, 54-55 (Tex. Civ. App.—Houston [14th Dist.] 1979, no writ) (holding that the order labeled "temporary restraining order," which would not have been appealable, was in fact a temporary injunction because its "force and effect … [were]

indistinguishable from that of a temporary injunction, [and] the order is appealable.").[6]

## II. A suit for a writ of mandamus, alone, does not entitle a plaintiff to an immediate mandatory injunction.

A trial court writ of mandamus is a civil action subject to the rules of procedure just as any other civil suit. *See Anderson v. City of Seven Points*, 806 S.W.2d 791, 792 (Tex. 1991). The only rule in the Texas Rules of Civil Procedure that explicitly addresses a mandamus differently from any other suit says only that it may not be granted on *ex parte* hearing. Tex. R. Civ. P. 694. There are no provisions in the rules of civil procedure for immediate, emergency relief in a suit seeking a trial court mandamus.

In *Anderson*, the Texas Supreme Court cited to *Griffin v. Wakelee*, an 1874 Texas Supreme Court decision that clearly explains that the writ of mandamus a district court may award in Texas is not a common law mandamus that allows immediate relief. *Griffin v. Wakelee*, 42 Tex. 513 (1874) (cited in *Anderson*, 806 S.W.2d at 792 n.1). It is "different in

---

[6] This order is not a temporary restraining order because the relief granted "does more than preserve the status quo during the ten day span of a temporary restraining order." *Harris*, 579 S.W.2d at 54. In effect, it grants all relief Wilson sought.

9

almost every respect" from a common law mandamus proceeding, which "did not partake of the nature of a suit between parties, but the relief sought was granted immediately by and through means of the writ itself." *Id.* at 516. The Court explained the procedure that must be followed in a district court mandamus, and its holding, cited by *Anderson*, is worth quoting in full:

> The relief sought to be effected through its aid is asked, as in any other case, by a petition alleging the facts by virtue of which it is claimed, with a prayer for such judgment as the facts warrant. The defendant is served and required to answer as in any other suit, and the case proceeds to trial and judgment as any of other action, and there is no distinguishable difference in principle in the course of proceeding and result attained in it and any other suit in the district court. When the judgment is rendered by the court, unless superseded or suspended by writ of error or appeal, it is carried into effect by the appropriate writ for this purpose, termed in the statute a writ of mandamus, from analogy, no doubt, drawn from the nature of the matters complained of in the petition, to cases in which relief is granted by this writ at common law. Plainly, then, unless we discard principles, and are controlled merely by names, it must be treated and regarded as a judicial writ, based upon and issuing by virtue of, and to carry into effect, a judgment of the district court.

*Id.*

A party who files a petition for writ of mandamus in a district court and wants immediate temporary relief has the same burden and must follow the same procedures as in any other suit. He must seek

10

temporary injunctive relief under Rules 680-693 of the Texas Rules of Civil Procedure. *See Tobin v. Serna*, 277 S.W. 2d 176, 177 (Tex. App.—San Antonio 1955, writ ref'd); Tex. R. Civ. P. 680 et seq.[7] Just as mandatory venue provisions may not be evaded merely by artful pleading, so the requirements for obtaining a temporary injunction may not be evaded by calling it something else. *See, e.g.*, *Helix*, 452 S.W.3d at 44 (holding order "to compel" payments was in reality a mandatory temporary injunction); *In re Hardwick*, 426 S.W.3d at 161 (holding venue determined by dominant purpose of suit, not by how parties describe cause of action).

In his Original Petition for Writ of Mandamus, Wilson pled for injunctive relief. R.0001-10. Although he dropped the words "injunction" from his later pleadings, the relief he requested remained the same. R.0038-44. The specific action the trial court ordered—that the City

---

[7] *See also, e.g.*, *Wyly v. Pres. Dallas*, 165 S.W.3d 460, 462 (Tex. App.—Dallas 2005, no pet.) (interlocutory appeal in suit seeking temporary injunction and writ of mandamus); *Peeples v. Nagel*, 137 S.W.2d 1064, 1066, 1067 (Tex. Civ. App.—Galveston 1940, writ dism'd judgm't cor.) (in suit seeking temporary injunction, mandatory injunction, and mandamus, trial court abused its discretion in not having preserved subject matter of suit by issuing temporary injunction); *Bd. of Prison Comm'rs v. Binford*, 259 S.W. 169 (Tex. Civ. App.—Galveston 1924, no writ) ("[W]e are of the opinion that the trial court had authority or jurisdiction to hear and determine the suit for mandamus, and pending such hearing, had authority to issue a temporary injunction for the purpose before stated [to preserve the status quo].").

Secretary "count and certify" on a short deadline—is a classic example of a mandatory temporary injunction. *See Helix*, [452 S.W.3d at 44](#).

Wilson's live petition on the date of the hearing was entitled "First Amended Petition for Writ of Mandamus." The order purports to be an order granting "Plaintiff's Application for Writ of Mandamus." R.0180. But the Order was not the result of a summary judgment proceeding, a trial on the merits, or even an evidentiary hearing. There are still pending the claims for a declaratory judgment and for writ of mandamus against the Mayor and the City Council members. R.0207-14. It was clearly an interlocutory order, and in form and effect is a temporary injunction, appealable under Texas Civil Practice and Remedies Code § 51.014(a)(4).

## III.   This appeal is controlled by *Qwest.*

The City recognizes that an order of mandamus is not listed in the Civil Practice and Remedies Code as an appealable interlocutory order. Tex. Civ. Prac. & Rem. Code [§ 51.014](#). In cases where parties have sought a district court writ of mandamus along with a temporary injunction, the appellate courts have found they do not have interlocutory jurisdiction over an order on the writ of mandamus. *See,*

*e.g.*, *Wyly*, 165 S.W.3d at 462. Here, however, Wilson obtained an interlocutory order on short notice and without a trial on the merits, summary judgment proceeding, or even evidentiary hearing. If Wilson is allowed to escape interlocutory review of this order by simply calling it an order on a writ of mandamus rather than what it is in form and effect—a temporary injunction—then he will have obtained all of the relief he has asked for without due process of law. As the Supreme Court held in *Qwest*, "if errors in the form of the order determined the order's status, then those errors would deny review of the very defects that render the order void." *Qwest*, 24 S.W.3d at 336.

The trial court's order states that City Secretary Anna Russell "shall count and certify to Houston City Council the number of valid signatures contained in the petition submitted by Plaintiff on or before 30 (thirty) days from the date the same were filed, namely July 9, 2015." R.0180. Its character and function is to command the City Secretary to obey and execute an order. Tex. R. Civ. P. 687(d). Just as in *Qwest*, the order requires the City Secretary to perform certain activities, was entered upon the plaintiff's request, was effective immediately, and

operated during the pendency of the suit. *Qwest*, 24 S.W.3d at 338. *See* discussion in *Downstream*, 2014 WL 5500486, at \*5.

Just like the orders in *Qwest*, *Helix*, and *Downstream*, the order compelling the City Secretary to "count and certify" is a temporary injunction appealable as an interlocutory order under section 51.014(a)(4) of the Texas Civil Practice and Remedies Code. *Qwest*, 24 S.W.3d at 336; *Helix*, 452 S.W.3d at 44; *Downstream*, 2014 WL 5500486, at \*5. The trial court abused its discretion in entering that order without pleadings or proof to support it and without complying with the requirements of the Texas Rules of Civil Procedure for injunctive relief.

The City respectfully prays that this Court assert jurisdiction over this interlocutory appeal, and after full briefing vacate the July 28, 2015 order and remand this case to the district court for further proceedings.

Respectfully submitted,

DONNA L. EDMUNDSON
City Attorney
JUDITH L. RAMSEY
Chief, General Litigation Section


By:  */s/ Judith L. Ramsey*
     Judith L. Ramsey
     State Bar No.: 16519550
     Kathleen Hopkins Alsina
     Senior Assistant City Attorney
     State Bar No.: 09977050
     Patricia L. Casey
     Senior Assistant City Attorney
     State Bar No.: 03959075
     CITY OF HOUSTON LEGAL
     DEPARTMENT
     900 Bagby, 4th Floor
     Houston, Texas 77002
     832.393.6491 (Telephone)
     832.393.6259 (Facsimile)
     kate.alsina@houstontx.gov
     pat.casey@houstontx.gov
     judith.ramsey@houstontx.gov


*Attorneys for Respondents*

## Certificate of Compliance

I certify that this brief was prepared in MS Word 2010; the word-count function shows that, excluding those sections exempted under TRAP 9.4(i)(1), the response contains 2,979 words.

*/s/ Judith L. Ramsey*
Judith L. Ramsey

## Certificate of Service

I hereby certify that on this 28th day of August, 2015, a true and correct copy of the foregoing has been served on counsel below via e-service:

James D. Pierce
1 Sugar Creek Center 1080
Sugar Land, TX 77478
jim@jamespierce.com

*Attorney for Appellee*

*/s/ Judith L. Ramsey*
Judith L. Ramsey