George S. SEFCIK, Plaintiff,

v.

OCEAN PRIDE ALASKA,
INC., Defendant.

No. A92–397 Civil (JAV).

United States District Court,
D. Alaska.

Dec. 8, 1993.

Robert J. Jurasek, Law Office of William G. Azar, Anchorage, AK, for plaintiff.

P. Joseph Bersch III, LeGros Buchanan & Paul, Anchorage, AK, for defendant.

*MEMORANDUM AND ORDER*

VON DER HEYDT, District Judge.

I.  *INTRODUCTION.*

This cause comes before the court on motion to reinstate maintenance and cure, filed November 3, 1993 (Docket No. 70), by plaintiff George Sefcik.  For the reasons stated below, plaintiff's motion is granted regarding the reinstatement of maintenance and cure,

and denied as to a punitive damages award and costs and attorney's fees.

## II. BACKGROUND.

Plaintiff was employed by defendant Ocean Pride of Alaska. While working aboard defendant's vessel, plaintiff alleges he manifested bilateral carpal tunnel syndrome, reflex sympathetic dystrophy and tendinitis. Plaintiff subsequently underwent surgery on one arm in June, 1992 and the other arm in September, 1992. Defendant paid maintenance and cure until it determined to cease making payments as of October 18, 1993. Plaintiff filed a motion for shortened time seeking reinstatement of his maintenance and cure payments. By agreement of the parties, the payments were reinstated until such time as the court considered plaintiff's motion for reinstatement pursuant to a normal briefing schedule.

## III. DISCUSSION.

■ Plaintiff seeks reinstatement of his maintenance and cure payments, alleging that he has not achieved maximum cure. Plaintiff further seeks punitive damages and costs and attorney's fees. Defendant submits that questions of fact exist on the issue whether plaintiff has achieved maximum cure. Defendant incorrectly characterizes plaintiff's motion as one for summary judgment. An injured seaman seeking reinstatement of maintenance and cure payments which were terminated by his employer cannot be considered in the same procedural posture as a party seeking summary judgment. The court agrees with plaintiff's argument regarding this issue.

■ In *Johnson v. Marlin Drilling Co.*, 893 F.2d 77, 79 (5th Cir.1990), the court stated that payments for maintenance and cure may be terminated when it is determined that a seaman has reached maximum cure. The court also stated that the decision to terminate must be unequivocal. *Id.* Maximum cure is reached when it is medically determined that further improvement in a plaintiff's health is not reasonably possible. *Vella v. Ford Motor Co.*, 421 U.S. 1, 5, 95 S.Ct. 1381, 1384, 43 L.Ed.2d 682 (1975). The employer should consider all available medi-

cal evaluations whether the claimant is fit for duty in deciding to terminate maintenance and cure payments. *Tullos v. Resource Drilling, Inc.*, 750 F.2d 380 (5th Cir.1985). A vessel owner must only pay for curative, as opposed to palliative, medical treatment. *Stanovich v. Jurlin*, 227 F.2d 245, 246 (9th Cir.1955).

■ At the time defendant decided to terminate plaintiff's maintenance and cure, it had before it the following statements of various physicians. Dr. Lipke, who performed plaintiff's operations, stated in deposition that plaintiff's hand surgery treatment was complete and that plaintiff should return to work. Dr. Lipke also stated in the same deposition that plaintiff should receive a psychiatric evaluation. Dr. McCarthy conducted the psychiatric evaluation. He originally treated plaintiff when plaintiff chose to continue treatment with Dr. Cassell. Dr. Cassell, one of plaintiff's current treating physicians, diagnosed plaintiff on March 1, 1993 as suffering from a general anxiety disorder secondary to the injury to his hands.

Dr. Cassell further recommended that plaintiff seek biofeedback treatment from Dr. Kappes. Dr. Kappes currently works with plaintiff on Galvanic Skin Response Training. On August 11, 1993 Dr. Kappes stated during deposition that he considered the biofeedback treatment palliative, and not curative.

Dr. Rothrock conducted an independent medical exam of plaintiff on October 11, 1993. Dr. Rothrock opines that plaintiff's psychiatric illness is a pre-existing personality disorder and recommends no further treatment for plaintiff for this disorder.

■ Based on the conclusions cited above of Drs. Rothrock and Kappes, defendant concluded that plaintiff was no longer eligible for maintenance and cure payments, and terminated the payments as of October 18, 1993. However, based on the record presently before the court, it does not appear that it is unequivocal that plaintiff has reached maximum cure. The court agrees with defendant that questions of fact remain regarding plaintiff's cure status. However, those questions of fact did not arise after the time plaintiff filed his motion to reinstate maintenance and

cure. The questions were present at the time defendant determined to terminate the payments. Further, defendant's decision to terminate apparently discounted the testimony of Dr. Cassell who stated in deposition that treatment of plaintiff's general anxiety disorder was secondary to treatment of his hands. That statement could not be deemed an unequivocal endorsement that plaintiff attained maximum cure. At the least, such a statement is ambiguous regarding plaintiff's cure status. Any ambiguities whether maximum cure has been reached are to be resolved in favor of the seaman. *Kratzer v. Capital Marine Supply, Inc.*, 490 F.Supp. 222 (M.D.La.1980), affirmed 645 F.2d 477 (5th Cir.1981).

In support of plaintiff's motion to reinstate maintenance and cure, he attached letters from his treating physicians which indicate that plaintiff has not reached maximum cure. Dr. Cassell stated that plaintiff's condition will deteriorate if he does not continue his treatment. Defendant suggests that Dr. Cassell did not specifically link plaintiff's current treatment with plaintiff's employment on defendant's vessel. Dr. Kappes stated that plaintiff needs additional biofeedback training. Defendant contends that Dr. Kappes does not counter his previous testimony that plaintiff's treatment is palliative. Dr. Rothrock's evaluation counters the statements made by plaintiff's treating physicians. Because there is a disagreement as to whether additional psychological/psychiatric treatment is necessary for plaintiff, defendant is directed to continue maintenance payments until the issue is resolved at trial. Further, the court notes that plaintiff clearly did not file a motion for summary judgment. The court will not consider plaintiff's motion for reinstatement of maintenance and cure as one for summary judgment.

Plaintiff's request for punitive damages is denied for the reason the plaintiff's maintenance and cure payments were promptly reinstated by defendant. Further, at this time it does not appear that defendant's actions were conducted in bad faith. Because an award of costs and attorney's fees can only be made when it has been determined that the failure to provide main-

tenance and cure was arbitrary, recalcitrant or unreasonable, plaintiff's request for costs and attorney's fees is denied. *Kopczynski v. The Jacqueline*, 742 F.2d 555, 559 (9th Cir. 1984).

IV. *ORDER.*

Accordingly, IT IS ORDERED THAT plaintiff's motion to reinstate maintenance and cure payments is granted in part and denied in part as outlined above.