**John J. BLOOM, Plaintiff,**

v.

**WEEKS MARINE, INC., Defendant.**

**No. 3:02–CV–176–J–16HTS.**

United States District Court,
M.D. Florida,
Jacksonville Division.

Aug. 19, 2002.

Stephen J. Pajcic, Curry Gary Pajcic, Pajcic & Pajcic, P.A., Jacksonville, FL, G.J. Rod Sullivan, Jr., Sullivan, Boyd & Goldsberry, Jacksonville, FL, for Plaintiff.

Donovan Adam Roper, Altamonte Springs, Fl, for Defendant.

### ORDER

SNYDER, United States Magistrate Judge.

This cause is before the Court on Plaintiff's Emergency Motion for Maintenance and Cure (Doc. # 26; Motion). Defendant's Response to Plaintiff's Emergency Motion for Maintenance and Cure (Doc. # 32; Opposition) was subsequently filed.

On February 28, 2002, Mr. Bloom filed the Complaint (Doc. # 1) alleging negligence, unseaworthiness, and maintenance and cure as a result of an accident that occurred aboard the *M/T Katherine* on February 7, 2002. *See id.* ¶¶ 4–22. He asserts he was directed to check a masthead light, which was located at the highest point on the vessel. *See id.* ¶ 5. He obtained a safety harness and secured it to himself and the mast. *See id.* While he was performing the check, "the safety line parted causing him to fall in excess of 40 feet to the deck." *Id.* As a result of the fall, he fractured his vertebrae, upper arm, and fibula and sustained "three broken ribs, a punctured lung, a torn ACL, and injuries to the head and face." *Id.* ¶ 6. Plaintiff seeks a "trial by jury on all Counts" alleged in the Complaint. *Id.* at [unnumbered] 5.

Plaintiff's Emergency Motion for Order Directing Defendant to Provide Maintenance and Cure (Doc. # 5; Emergency Motion) was filed on March 21, 2002. While Defendant responded to the Emergency Motion, *see* Defendant, Weeks Marine, Inc.'s Response to Plaintiff's Emergency Motion for Order Di-

recting Defendant to Provide Mainté-
nance and Cure (Doc. # 8), it was denied
as moot because the parties indicated
that they no longer needed a ruling on
the Emergency Motion. *See* Order (Doc.
# 18) at 1. Instead, Plaintiff reported
"Defendant has finally provided almost
all of the medical care (cure) requested
by Plaintiff's Emergency Motion." Plain-
tiff's Notice of Compliance with Court
Order (Doc. # 16) at 1.

The instant Motion was filed, in part,
because on "July 3, 2002, Weeks Marine
cut off all of Mr. Bloom's medical care."
Motion ¶ 7. Mr. Bloom asserts he has not
been paid any maintenance and has been
unable to work since the accident. *See id.*
¶¶ 5, 9. In addition, he complains Defen-
dant "has repeatedly delayed reasonable
and medically necessary treatment,"
"failed to timely pay for ... [the] treat-
ment," and in certain instances refused to
pay for reasonable and medically neces-
sary treatment altogether. *Id.* ¶¶ 14–16.

In support of his argument that he is
entitled to an immediate order from the
Court on this issue, Plaintiff cites to Rule
7.05(1), Local Rules, United States District
Court, Middle District of Florida (Local
Rule(s)), *see* Motion at 15, which provides
"[a]pplications ... for the maintenance of
the crew may be submitted[ ] and decided
ex parte by a judicial officer." Local Rule
7.05(1)(3). However, this provision applies
to actions in rem or quasi in rem. *See
generally* Local Rule 7.05. Plaintiff also
cites the case of *Vaughan v. Atkinson,* 369
U.S. 527, 82 S.Ct. 997, 8 L.Ed.2d 88 (1962),
in support of his position because it estab-
lishes "the inherent equitable authority of
the court to enter an order directing the
Defendant to provide maintenance and
cure." Motion at 15. Furthermore, he
relies on the principles set forth in 28
U.S.C. § 2201 and Rule 57, Federal Rules
of Civil Procedure (Rule(s)), to support the
request for a declaratory judgment on this

claim. *See* Motion at 15–16. However,
none of these authorities discuss the pre-
trial adjudication of the maintenance and
cure claim.

In the Opposition, Defendant contends
the Motion is "clearly premature and/or
unripe for adjudication at this juncture,
and secondly and more importantly, it is
clear that Plaintiff has willfully refused, on
a continual basis, to comply with Defen-
dant's repeated attempts to investigate,
monitor and direct [Plaintiff's] mainte-
nance and cure claim." *Id.* at 1. Moreover,
Defendant alleges Mr. Bloom "willfully
misrepresented and concealed his pre-ex-
isting physical condition and/or prior
health history on his initial employment
physical examination questionnaire" and
refused to cooperate with Defendant's in-
vestigation. *Id.* at 7. Specifically, Weeks
Marine, Inc. alleges Plaintiff failed to in-
form it of the fact that he sustained a gun
shot wound in 1985 behind his left ear,
which "resulted in a craniotomy and at
least four subsequent documented seizures
or convulsions," was totally blind in his left
eye, and dependent on daily doses of Di-
lantin to control his seizure or convulsive
disorder. *Id.* Thus, Defendant argues Mr.
Bloom is not entitled to maintenance and
cure. *See id.*

Maintenance and cure is the obli-
gation imposed on a shipowner, which re-
sults from the contract between the sea-
man and the shipowner or vessel, to pay a
seaman, who is ill or injured while in the
service of the ship, "wages to the end of
the voyage and subsistence, lodging and
care to the point where the maximum cure
attainable has been reached." 2 Martin J.
Norris, *The Law of Seamen* § 26:2 (4th
ed.1985). This obligation has been charac-
terized as an "almost paternalistic duty of
the shipowner toward the crew." *Garay v.
Carnival Cruise Line, Inc.,* 904 F.2d 1527,
1530 (11th Cir.1990). When determining

whether an individual is entitled to maintenance and cure, fault is generally not considered. *See* Norris, *supra*, at § 26:1. Therefore, the doctrines of "contributory negligence, assumption of risk, [and] the fellow-servant rule of the common law" are not applicable, *id.*, and "[e]ven if the seaman is injured through his own negligence, he does not forfeit his right to maintenance and cure." *Garay*, 904 F.2d at 1529.

While the entitlement to maintenance and cure is broad, if the injury is a result of a seaman's willful misconduct, there is no duty to provide maintenance and cure. *See id.* at 1530. Defendant raises this defense when it asserts Plaintiff willfully concealed his pre-existing medical condition. *See* Opposition at 7.

The first issue that must be resolved is whether the relief sought in the Motion, a pretrial adjudication of the merits of the maintenance and cure claim, can be awarded at this stage of the proceedings. In *Sanfilippo v. Rosa S. Inc.*, 1985 WL 4565, at *2 (D.Mass.1985), a case that is factually similar to the one at hand, the court found "unless the seaman can show that there are no material facts in dispute and that he is entitled to summary judgment on the claim, he cannot obtain a pre-trial order for payment." The three-count complaint in *Sanfilippo* alleged negligence, unseaworthiness, and maintenance and cure. *See id.* at *1. After the action was filed, the plaintiff filed a motion for maintenance and cure. *See id.* The court denied the motion finding that an injured seaman "cannot obtain an order mandating the payment of maintenance and cure absent a ruling on the merits of the claim." *Id.* at *2. It noted the plaintiff may seek a partial summary judgment on the claim if there is no dispute of material fact or move for a separate, expedited trial on the merits of the maintenance and cure claim. *See id.*

Likewise, in this case, the Court cannot grant the relief requested. Gener-ally, "[a] suit for maintenance and cure presents questions of fact. It should not be disposed of by summary judgment nor should payment be decreed on motion." Norris, *supra*, at § 26:21 (footnotes omitted). However, if there is no dispute of material fact, then the claim may be disposed of by summary judgment. In addition, Plaintiff fails to cite any authority establishing that, at this stage of the proceedings, the merits of the maintenance and cure claim may be adjudicated based merely on a motion for maintenance and cure. Mr. Bloom did not move for summary judgment. Moreover, he does not address whether there is a dispute of material fact. Instead, he requests the Court order Defendant to resume the maintenance and cure payments that it had previously provided. It is clear the Court cannot award the relief requested in the Motion. *See Claudio v. Sinclair Refining Co.*, 126 F.Supp. 154, 154 (E.D.N.Y.1954); *see also Perry v. Allied Offshore Marine Corp.*, 618 So.2d 1033, 1036 (La.Ct.App. 1993) (finding "federal maritime law does not mandate a remedy more expeditious than summary judgment to a plaintiff seeking maintenance and cure").

While the Motion was not the proper device for seeking a pretrial order on the maintenance and cure claim, the Court recognizes that other means may be available. Without expressing an opinion as to whether any of the following mechanisms would be successful, the Court notes they are more appropriate vehicles for seeking a pretrial adjudication of the merits of the maintenance and cure claim. If there is no genuine dispute of material fact, Plaintiff could file a motion for partial summary judgment on the claim. *See* Rule 56. In addition, he could file a motion pursuant to Rule 42(b) for a separate, expedited trial on the maintenance and cure claim. *But see Carolina Clipper, Inc. v. Axe*, 902 F.Supp. 680, 682–83 (E.D.Va.1995) (indi-

cating a preference for the maintenance and cure claim to be tried with the Jones Act claim if the same facts give rise to both claims). Finally, he could allow the claims to be tried in due course and seek damages from Defendant if it is determined that Plaintiff was entitled to maintenance and cure. *See Garay,* 904 F.2d at 1533. While these are some means by which Plaintiff could seek the relief requested, this list is not intended to be exhaustive and other avenues, consistent with the authority outlined in this Order, may be available.

In light of the foregoing, the Motion (Doc. # 26) is **DENIED.**