# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 14, 2012

No. 11-31142
Summary Calendar

Lyle W. Cayce
Clerk

MICHELLE ALARIO,

Plaintiff–Appellant,

v.

OFFSHORE SERVICE VESSELS, L.L.C.; C-ESCORT M/V, in rem,

Defendants–Appellees.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:09-CV-5440

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Michelle Alario alleges that she fell and injured herself while she was employed by Offshore Service Vessels, L.L.C. (OSV) aboard the C-ESCORT M/V. She sued for damages on theories of negligence and unseaworthiness and also sought maintenance and cure. The district court granted summary judgment to defendants on all claims. Alario appeals the district court's dismissal of her claim for maintenance and cure. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-31142

**I**

Alario alleges that, while employed as a cook by OSV aboard the C-ESCORT, she fell and hit her arm and shoulder, leading to arm, neck, and shoulder pain. She received orthopedic treatment for these injuries, including surgery and physical therapy, but continued to complain of pain. She saw a neurologist, Dr. Jamie Huddleston, and underwent diagnostic testing, including an electromyogram and nerve conduction study (EMG/NCS), which appeared normal. Her orthopedist, Dr. Jonathan Shults, concluded that Alario had reached maximum medical improvement and "gotten all the improvement she will from [physical therapy]."

Several months after Dr. Shults's determination, Alario filed this lawsuit. She asserted claims for damages based on the negligence of OSV and the unseaworthiness of the C-ESCORT, and she also sought maintenance and cure. Alario obtained another EMG/NCS, which indicated it was an "[a]bnormal study" and reported "moderate median entrapment neuropathy," possibly residual from previous carpal-tunnel syndrome, as well as "acute lower cervical radiculopathy."

After this study, the district court granted OSV's motion for summary judgment on negligence and unseaworthiness but permitted the maintenance and cure claim to move forward based on "the possibility, perhaps remote, that [Alario] ha[d] not reached maximum medical improvement," as suggested by the second EMG/NCS.

As the case progressed, Dr. Huddleston gave a deposition. She stated that, as of the last time she saw Alario, she could not provide any further treatment but that an epidural steroid injection performed by another doctor could perhaps provide pain management and improve Alario's "overall functioning." When asked if additional treatment would be "palliative in nature," Dr. Huddleston responded, "It was not going to change the structural problems in her neck." Dr.

No. 11-31142

Huddleston also reviewed the second EMG/NCS and indicated that the second study did not change her opinions.

A second orthopedist provided an independent medical analysis of Alario. He found no significant abnormalities, and he concluded that any symptoms that might develop in the future would not be related to the alleged incident. He recommended treatment with over-the-counter pain medications and a return to work, which he thought would help Alario's emotional state.

Following another motion for summary judgment, the district court concluded that Alario had reached maximum medical improvement and granted summary judgment on the maintenance and cure claim as well. Alario appeals that decision, arguing that because Dr. Huddleston said that steroid injections could possibly improve Alario's condition, there is a genuine issue of material fact with respect to whether Alario is entitled to continued maintenance and cure.

## II

We review a district court's grant of summary judgment de novo, using the same standards that the district court applied.[1] Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2]

Maintenance and cure is the payment of living and medical expenses for a seaman who becomes sick or injured in a ship's service.[3] It must be paid by the seaman's employer until the point of "maximum medical recovery" or "maximum

---

[1] *Provident Life and Accident Ins. Co. v. Goel,* 274 F.3d 984, 990 (5th Cir. 2001) (citing *State Farm Fire & Cas. Ins. Co. v. Keegan*, 209 F.3d 767, 768 (5th Cir. 2000)).

[2] FED. R. CIV. P. 56(a).

[3] *Vaughan v. Atkinson*, 369 U.S. 527, 531 (1962); *Pelotto v. L&N Towing Co.*, 604 F.2d 396, 400 (5th Cir. 1979).

cure."[4]  "[M]aximum cure is achieved when it appears probable that further treatment will result in no betterment of the seaman's condition," a determination that would be appropriate if the seaman's injury is incurable or future treatment would merely relieve pain and suffering but not otherwise improve the seaman's physical condition.[5]  Ambiguities or doubts regarding the seaman's right to maintenance and cure should be resolved in favor of the seaman.[6]

The two orthopedists who examined Alario concluded, respectively, that she had reached maximum medical improvement and that she had no continuing abnormalities.  Alario does not contest these determinations.  Her only contention is that Dr. Huddleston's testimony raises a genuine issue of material fact with respect to her having reached maximum cure.

Alario points to several statements in Dr. Huddleston's deposition in support of this claim, but all of them refer specifically to the potential alleviation of pain rather than the curing of an underlying condition.  Dr. Huddleston specifically noted that the proposed treatment would not "change the structural problems in [Alario's] neck."  Alario has not provided any medical opinion that further treatment would improve her physical condition or do anything but relieve pain and suffering.  Palliative treatment alone is insufficient to demonstrate an entitlement to continued maintenance and cure.

\*    \*    \*

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

[4] *Vaughan*, 369 U.S. at 531; *Pelotto*, 604 F.2d at 400.

[5] *Pelotto*, 604 F.2d at 400.

[6] *Johnson v. Marlin Drilling Co.*, 893 F.2d 77, 79 (5th Cir. 1990) (quoting *Vaughan*, 369 U.S. at 532).