This court should affirm rather than reverse the trial court's judgment denying appellant's motion to suppress the evidence obtained as a result of the blood draw.  Because it does not, I respectfully dissent.

HELIX ENERGY SOLUTIONS GROUP, INC., Helix Subsea Construction, Inc., and Helix Well Ops Inc., Appellants

v.

Matthew HOWARD, Appellee.

No. 14–14–00442–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 13, 2014.

Rehearing Overruled Dec. 9, 2014.

---

Sean Michael Reagan, Susan Noe Wilson, Houston, for Appellants.

Michael P. Doyle, Houston, for Appellee.

Panel consists of Chief Justice FROST and Justices CHRISTOPHER and BUSBY.

## OPINION

TRACY CHRISTOPHER, Justice.

In this case concerning a seaman's entitlement to payments for maintenance and cure, his employer argues that the trial court erred in granting the seaman's motion to compel such payments. We agree that the order is a temporary injunction and that it does not comply with Texas Rule of Civil Procedure 683. We therefore declare the order void, dissolve it, and remand the case to the trial court. We further direct the clerk of our court to issue the mandate immediately.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Appellee Matthew Howard sued appellants Helix Energy Solutions Group, Inc., Helix Subsea Construction, Inc., and Helix Well Ops Inc. (collectively, "Helix") for a knee injury he allegedly received in the service of the vessel M/V Q4000. He alleged that the vessel and its crew were unseaworthy, and he asserted claims under the Jones Act and general maritime law. As relevant here, he asserted that Helix breached its duty to timely provide maintenance and cure.

Howard filed a motion styled as "Plaintiff's Motion to Compel Payment of Maintenance and Cure Benefits," and after an evidentiary hearing, the trial court granted the motion. Under the terms of the order, Helix was ordered (a) to make retroactive and continuing maintenance payments of $364 per week; (b) to pay the reasonable and customary charges for Howard's medical treatment "as directed by his treating physician George Brindley, M.D." or by others to whom Howard was referred by Dr. Brindley; and (c) to continue paying for maintenance and cure until the trial court made further orders concerning He-

lix's maintenance-and-cure obligations or the parties stipulated that Howard reached maximum medical improvement.

Helix filed this interlocutory appeal in which it argues that the trial court's order is an improperly issued temporary injunction. In the alternative, Helix asks that we treat its appeal as a petition for a writ of mandamus and require the trial court to vacate its order because it impermissibly requires Helix to make payments for palliative care.[1] We granted Helix's motion to expedite this proceeding.

## II. JURISDICTION

■ As a threshold matter, we must determine whether we have jurisdiction over this case as an interlocutory appeal. Appellate courts can review final orders, but as a general rule, they lack jurisdiction to review interlocutory orders unless review is authorized by statute. *Qwest Commc'ns Corp. v. AT & T Corp.*, 24 S.W.3d 334, 336 (Tex.2000) (per curiam). Helix contends that we have jurisdiction over this interlocutory appeal because the trial court's order is a temporary injunction. *See* TEX. CIV. PRAC. & REM.CODE ANN. 51.014(a)(4) (West Supp.2014) (authorizing an interlocutory appeal from an order granting a temporary injunction). We agree.

■ Although styled as an order granting a motion to compel, "it is the character and function of an order that determine its classification." *Del Valle Indep. Sch. Dist. v. Lopez*, 845 S.W.2d 808, 809 (Tex.1992). An injunction may be prohibitive or mandatory. *RP & R, Inc. v. Territo*, 32 S.W.3d 396, 400 (Tex.App.-Houston [14th Dist.] 2000, no pet.). A prohibitive injunction forbids certain conduct, whereas a mandatory injunction re-

---

1. Although the order applies only to Helix Energy Solutions Group, Inc. and Helix Sub-

sea Construction, Inc., all three Helix parties have appealed.

quires certain conduct. *Id.* Thus, an interlocutory order that "directs the conduct of a party" is a mandatory injunction. *See Del Valle Indep. Sch. Dist.,* 845 S.W.2d at 809.

Howard nevertheless asserts that "[a] pretrial order compelling the provision of maintenance and cure is not a form of injunctive relief; it is a unique remedy afforded under the general maritime law to seam[e]n who are injured or fall ill while in the service of a vessel." In support of this assertion, he cites two cases: *Billiot v. Toups Marine Transport, Inc.,* 465 F.Supp. 1265 (E.D.La.1979) and *Sanfilippo v. Rosa S. Inc.,* Civ. A. No. 85–3915–Me, 1985 WL 4565 (D.Mass. Dec. 9, 1985). Not only do these cases fail to support Howard's position, but in each, the court denied the "motion to compel" and pointed out that there is no provision for such pretrial relief.[2] In other cases, however, federal courts have determined entitlement to the remedy of maintenance and cure using a motion-to-compel procedure.[3]

We need not decide whether or under what circumstances a motion to compel is an available procedure for deciding a maintenance-and-cure claim in federal court under general maritime law. In state court actions—even those applying federal maritime law—state procedural laws and rules apply. *See* 28 U.S.C. § 1333(1) (2012); *Am. Dredging Co. v. Miller,* 510 U.S. 443, 453, 114 S.Ct. 981, 988, 127 L.Ed.2d 285 (1994) ("Uniformity of process ... is assuredly not what the law of admiralty seeks to achieve, since it is supposed to apply in all the courts of the world."); *In re GlobalSanteFe Corp.,* 275 S.W.3d 477, 485 (Tex.2008) (orig. proceeding) ("[F]ederal maritime law follows a 'reverse Erie' doctrine of sorts, employing the use of substantive federal maritime law in state courts but recognizing that state procedural law can be followed."); *Mar. Overseas Corp. v. Ellis,* 971 S.W.2d 402, 406 (Tex. 1998) ("When a state court hears an admiralty case, that court occupies essentially the same position occupied by a federal court sitting in diversity: the state court must apply substantive federal maritime law but follow state procedure.").

■ Whether a claim for maintenance and cure may be decided by the court on a motion to compel is a procedural question, not a matter of substantive federal maritime law that would preempt contrary state procedure. *See Perry v. Allied Off-*

---

**2.** In *Billiot,* the plaintiff moved for a preliminary injunction to compel the payment of maintenance at a particular daily rate. 465 F.Supp. at 1265. The court held that "a motion for summary judgment is the only permissible pre-trial procedure" to obtain that relief, and that absent summary judgment, "the maintenance issue was one relegated to a trial on the merits." *Id.* at 1267 (citing *Calmar S.S. Corp. v. Taylor,* 303 U.S. 525, 531–32, 58 S.Ct. 651, 655, 82 L.Ed. 993 (1938)). The plaintiff in *Sanfilippo* similarly filed a "Motion for Maintenance and Cure." 1985 WL 4565, at *1. As in *Billiot,* the court in *Sanfilippo* denied the motion and explained that the plaintiff could move for an expedited trial, or could move for summary judgment "[i]f the plaintiff believes that there is no dispute over the material facts," but "a seaman seeking a preliminary injunction man-

dating the payment of maintenance and cure would be faced with the problem that the denial of payments is clearly compensable by the payment of damages ...." *Id.,* 1985 WL 4565, at *2. *See also* Rory Bahadur, *Protecting Cruise Line Employees' Right to Maintenance and Cure: The Need for Pre–Trial Adjudication,* 18 U.S.F. Mar. L.J. 221, 237, 240 (2006) (arguing that a seaman should be able to seek maintenance and cure in federal court via a motion to compel, but characterizing this as "injunctive relief").

**3.** *See, e.g., Connors v. Iqueque U.S.L.L.C.,* No. C05–334JLR, 2005 WL 2206922, at *1–3 (W.D.Wash. Aug. 25, 2005); *Sefcik v. Ocean Pride Alaska, Inc.,* 844 F.Supp. 1372, 1373–74 (D.Alaska 1993).

*shore Marine Corp.*, 618 So.2d 1033, 1036 (La.Ct.App.1993). Accordingly, using Texas procedural law to determine the nature and validity of the trial court's maintenance-and-cure order in this case will not "work material prejudice to a characteristic feature of maritime law." *See In re GlobalSantaFe Corp.*, 275 S.W.3d at 489.

■ Howard has not cited, and we have not found, any provision of Texas procedural law authorizing a litigant to obtain "an interlocutory order on the merits" from a state court while avoiding both the rules governing summary judgments and those governing injunctive relief. Because the interlocutory order in this case requires Helix to perform certain actions—specifically, to make continuing payments to Howard—it is a classic example of a mandatory injunction. *See Qwest Commc'ns Corp.*, 24 S.W.3d at 336 ("The trial court's order here commands Qwest to undertake certain monitoring and notice provisions when conducting certain boring operations. Thus, the order is an injunction."); *RP & R, Inc.*, 32 S.W.3d at 400 ("The temporary injunction in this case is mandatory because it requires [appellant] to pay weekly paychecks to appellee."). We accordingly conclude that we have jurisdiction over this interlocutory appeal.

### III. CLEAR ABUSE OF DISCRETION

■ The purpose of a temporary injunction is to preserve the status quo of the litigation's subject matter pending trial on the merits. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex.2002) (op. on reh'g). To obtain a temporary injunction, an applicant is not required to establish that it will prevail upon a final trial on the merits, but must plead and prove that (a) it has a cause of action against the opposing party; (b) it has a probable right on final trial to the relief sought; and (c) it faces probable, imminent, and irreparable

injury in the interim. *Sharma v. Vinmar Int'l, Ltd.*, 231 S.W.3d 405, 419 (Tex.App.-Houston [14th Dist.] 2007, no pet.) (citing *Butnaru*, 84 S.W.3d at 204). Litigants generally are not entitled to temporary injunctive relief as a matter of right. *Walling v. Metcalfe*, 863 S.W.2d 56, 57 (Tex. 1993) (per curiam). The decision to grant or deny such relief instead is committed to the trial court's discretion, and we will uphold its ruling absent a clear abuse of discretion. *Id.* at 58.

■ Helix argues that the trial court not only clearly abused its discretion in issuing the challenged order, but that the order is void because it does not comply with Texas Rule of Civil Procedure 683. Rule 683 provides that an injunction "shall set forth the reasons for its issuance; shall be specific in terms; [and] shall describe in reasonable detail and not by reference to the complaint or other document, the act or acts sought to be restrained." TEX.R. CIV. P. 683. The injunction also must "include an order setting the cause for trial on the merits with respect to the ultimate relief sought." *Id.* An order that fails to comply with Rule 683 "is subject to being declared void and dissolved." *InterFirst Bank San Felipe, N.A. v. Paz Constr. Co.*, 715 S.W.2d 640, 641 (Tex.1986) (per curiam). Helix correctly points out that the trial court's order does none of these things.

■ Howard does not dispute that the order does not comply with Rule 683. He instead argues that the trial court did not clearly abuse its discretion in granting the requested relief because "it arrived at the correct result" under federal maritime law. *But see Intex Livingspace, Ltd. v. Roset USA Corp.*, No. 14–10–00855–CV, 2011 WL 1466416, at *3 (Tex. App.-Houston [14th Dist.] Apr. 19, 2011, no pet.) (mem. op.) ("[A] trial court abuses its discretion if it issues a temporary

injunction order that does not comply with the Rule 683 requirements."). We cannot consider Howard's argument that he is entitled to maintenance and cure under federal maritime law, because "appellate courts do not have jurisdiction to address the merits of appeals from void orders or judgments; rather, they have jurisdiction only to determine that the order or judgment underlying the appeal is void and make appropriate orders based on that determination." *Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 623 (Tex.2012) (per curiam).

Because the trial court's order does not comply with the requirements of Rule 683, we conclude that the order is void and must be dissolved.

## IV. CONCLUSION

We declare the trial court's order void, dissolve the order, and remand the cause for proceedings in accordance with this opinion. We further direct the clerk of this court to issue the mandate immediately. *See* TEX.R.APP. P. 18.6; *Bruns v. Top Design Inc.*, No. 01–08–00070–CV, 2008 WL 4965365, at *2 (Tex.App.-Houston [1st Dist.] Nov. 20, 2008, no pet.) (mem. op.) (dissolving a void temporary injunction and directing the clerk of the appellate court to issue the mandate immediately).

FROST, C.J., concurring.

BUSBY, J., concurring.

KEM THOMPSON FROST, Chief Justice, concurring.

Appellee Matthew Howard asserts, and the trial court impliedly found, that general maritime law provides a unique remedy to seamen when they sue their employers in state or federal court to recover maintenance and cure (hereinafter the "Reme-

dy"). According to Howard, the Remedy allows the trial court to grant a pretrial motion to compel the employer to pay maintenance and cure to the seaman until the maintenance-and-cure issues are finally decided by summary judgment or at trial, even if, as in today's case, the claims will be tried to a jury. The Remedy is unusual in that it compels the employer to pay maintenance and cure to the seaman before trial and without evidence conclusively proving the seaman's entitlement to this relief.

The Remedy is like the unicorn—a mystical creature whose nebulous existence is recognized in some places and renounced in others. If it exists, the Remedy would be available to the seaman even if the seaman is judgment-proof and even if, upon the employer's success on the merits at trial, the seaman would have no basis for receiving these interim payments and would have no recovery against which to offset any potential refund judgment. The majority concludes that, even if seamen have the right to this valuable remedy in federal court under general maritime law, it is a procedural right rather than a substantive right. According to the majority, applying Texas law, which does not provide the Remedy, does not work material prejudice to a characteristic feature of general maritime law. Rather than determine that the Remedy is procedural, this court should base its judgment on the conclusion that general maritime law does not provide the Remedy.

Before addressing what the Remedy is, it is appropriate first to address what it is not.

- The Remedy is not an injunction that preserves the status quo of the litigation's subject matter pending a trial on the merits to avoid irreparable injury to the seaman in the interim.[1]

- The Remedy is not a summary judgment. Howard did not file a motion for summary judgment, under which he would have had the burden of submitting summary-judgment evidence conclusively proving his entitlement to maintenance and cure.[2] Such a motion, if successful, would obviate the need for trial regarding the seaman's entitlement to maintenance and cure.

- The Remedy is not a bench trial. Howard did not seek an expedited bench trial on his maintenance-and-cure claims while still pursuing a jury trial on his Jones Act negligence and unseaworthiness claims. Instead, Howard sought and obtained the Remedy from the trial court, even though Howard has demanded a jury trial on his maintenance-and-cure, Jones Act negligence, and unseaworthiness claims.[3]

The parties have not cited and research has not revealed any case from the Supreme Court of the United States or any Texas court addressing whether, under general maritime law, a seaman is entitled to the Remedy, either in state court or in federal court. Thus, stare decisis does not answer this question. Nonetheless, courts

1. Howard did not seek, and the trial court did not grant, such an injunction. Even if Howard had sought this relief, federal courts have held that this relief generally is not available. See Carline v. Cap. Marine Supply, Inc., 81 F.R.D. 710, 711–12 (E.D.La.1979); Billiot v. Toups Marine Transp., Inc., 465 F.Supp. 1265, 1268–69 (E.D.La.1979).

2. See M.D. Anderson Hosp. & Tumor Inst. v. Willrich, 28 S.W.3d 22, 23 (Tex.2000).

3. In his concurring opinion, Justice Busby states that it is useful to consider the category of cases in which a seaman seeks some type of expedited determination by the trial court of maintenance and cure before other issues in the case are resolved—a category that includes the Remedy. See post at p. 48 (Busby, J., concurring). Justice Busby then discusses cases that he says address "expedited court determination of maintenance and cure." See id. at pp. 48–49. He states that federal decisions make it clear that expedited court determination of maintenance and cure is available in cases involving a bench trial but is not available in cases involving a jury trial. See id. Justice Busby concludes that, because a seaman's ability to obtain an expedited determination of maintenance and cure in federal court varies depending on the procedural posture of the case, expedited determination is a procedural rather than a substantive feature of federal maritime law. See id. But, the cases upon which Justice Busby relies in this analysis do not address the availability of the Remedy or the availability of an "expedited court determination of maintenance and cure"; instead these cases address the availability of an expedited bench trial. See Tate v. American Tugs, Inc., 634 F.2d 869, 871 (5th Cir.1981). Justice Busby relies upon the Tate court's suggestion that a seaman may seek an expedited bench trial as to maintenance-and-cure claims as a basis for concluding that the Remedy is procedural rather than substantive. See id. But, the Tate court did not address the Remedy, which is obtained, if it exists, before trial; rather, the Tate court addressed the option a seaman has to obtain an expedited bench trial on the maintenance-and-cure claims. See Tate, 634 F.2d at 870–71. The only case Justice Busby cites that applies the Remedy does not address the issue of whether the Remedy exists; this case does not state that the Remedy is limited to situations in which the seaman elects not to try the maintenance-and-cure claims to a federal-court jury along with the Jones Act negligence claims. See In re Petition of RJF Int'l Corp., 261 F.Supp.2d 101, 102–06 (D.R.I.2003), aff'd, 354 F.3d 104 (1st Cir.2004). The parties have not cited and research has not revealed any case in which the court addresses whether the Remedy is available in a case in which the seaman's claims will be tried to a jury. Further, if federal cases held that the Remedy is not available if the seaman's claims are to be tried to a jury, these cases would establish that the Remedy is not available in the case under review, and it would not be necessary to address whether the Remedy is procedural or substantive.

in a number of other jurisdictions have addressed this issue. Various courts have concluded that a seaman is not entitled to the Remedy.[4] A few courts have determined that general maritime law does provide the Remedy to seamen.[5] In a few other cases, courts have provided the Remedy to a seaman, without addressing whether general maritime law provides the Remedy.[6] In any event, across all courts in the United States of America, there are not many cases addressing whether the Remedy is available to a seaman under general maritime law, and a majority of the courts that have addressed this issue have concluded that general maritime law does not provide the Remedy.[7]

This court should follow the reasoning of the line of cases rejecting the proposition that the Remedy is available to a seaman under general maritime law and should conclude that general maritime law does not allow a seaman who brings a maintenance-and-cure claim to obtain a pretrial, interim order requiring payment of maintenance and cure before an adjudication of the merits of any claims either at trial or by summary judgment.[8] Inasmuch as general maritime law does not provide the Remedy, there is no need to decide whether any such remedy would be a substantive remedy that state courts would have to apply under the "reverse-*Erie*" doctrine which applies to maritime claims filed in state courts.[9]

4. See *Blake v. Cairns*, No. C–03–4500 MJJ, 2004 WL 1857255, at *1 (N.D.Cal. Aug. 16, 2004); *Bloom v. Weeks Marine, Inc.*, 225 F.Supp.2d 1334, 1336 (M.D.Fla.2002); *Billiot v. Toups Marine Transp., Inc.*, 465 F.Supp. 1265, 1267 (E.D.La.1979); *Sanfilippo v. Rosa S., Inc.*, No. 85–3915–Me, 1985 WL 4565, at *2 (D.Mass. Dec. 9, 1985); *Claudio v. Sinclair Ref. Co.*, 126 F.Supp. 154, 154 (E.D.N.Y. 1954); *Rio Miami Corp. v. Balbuena*, 756 So.2d 258, 258 (Fla.Ct.App.2000); *Perry v. Allied Offshore Marine Corp.*, 618 So.2d 1033, 1035–36 (La.Ct.App.1993).

5. See *Gouma v. Trident Seafoods, Inc.*, No. C07–1309, 2008 WL 2020442, at *1–3 (W.D.Wash. Jan. 11, 2008); *Dean v. The Fishing Company of Alaska*, 177 Wash.2d 399, 300 P.3d 815, 820–24 (2013).

6. See *Connors v. Iqueque U.S.L.L.C.*, No. C05–334JLR, 2005 WL 2206922, at *1–3 (W.D.Wash. Aug. 25, 2005); *In re Petition of RJF Int'l Corp.*, 261 F.Supp.2d at 102–06; *Sefcik v. Ocean Pride Alaska, Inc.*, 844 F.Supp. 1372, 1373–74 (D.Alaska 1993).

7. See cases cited in footnotes 4–6. A reader of Justice Busby's concurring opinion might conclude that the *term* "expedited court determination of maintenance and cure" means the Remedy and that a substantial number of federal courts have concluded that this relief is available under certain circumstances. This conclusion would not be correct. The opinion in *Johnson v. Marlin Drilling Company* contains very little information regarding the procedural history of the case in the trial court. See 893 F.2d 77, 77–80 (5th Cir.1990). Nonetheless, the *Johnson* court never states that the plaintiff sought the Remedy or that the plaintiff filed a pre-trial motion to compel payment of maintenance and cure. See *id.* The *Johnson* court states the trial court rendered judgment based on the briefs alone and refused the plaintiff's request for an evidentiary hearing. See *id.* at 78–80. It appears that the trial court in *Johnson* rendered a final judgment on the merits based on briefs and without an evidentiary hearing or trial. See *id.* The *Johnson* opinion does not address whether general maritime law provides the Remedy to a seaman. See *id.*

8. See *Blake*, 2004 WL 1857255, at *1; *Bloom*, 225 F.Supp.2d at 1336; *Billiot*, 465 F.Supp. at 1269; *Sanfilippo*, 1985 WL 4565, at *2; *Claudio*, 126 F.Supp. at 154; *Rio Miami Corp.*, 756 So.2d at 258; *Perry*, 618 So.2d at 1035–36. This conclusion should be the same whether the pretrial motion is cast as a motion to compel payment of maintenance and cure or as a motion to reinstate payment of maintenance and cure.

9. The "saving to suitors" clause of title 28, section 1333(1) of the United States Code allows state courts to adjudicate *in personam* maritime claims, but in such cases, the extent to which state law may be used to remedy

For the foregoing reasons, I respectfully concur in the court's judgment, but I do not join the majority opinion.[10]

### J. BRETT BUSBY, Justice, concurring.

I join Justice Christopher's majority opinion for the Court in full. I write separately to provide further explanation for my conclusion that expedited court determination of maintenance and cure is a procedural rather than a substantive feature of federal maritime law, and thus it does not preempt applicable Texas procedures.

As my colleagues' opinions explain, the federal courts are divided regarding when and under what circumstances a court may compel a seaman's employer to pay the seaman maintenance and cure. Because the federal decisions often do not recount in detail the procedural history of the case or the nature of the filing that led the court to consider the issue of maintenance and cure, they resist tidy classification. I find such classification unnecessary because the narrower question before this Texas court is not whether the remedy requested by Howard would be available in federal court under general maritime law. Instead, it is whether Texas or federal law governs the manner in which such a remedy may be obtained in a Texas state court—that is, whether the remedy's availability is a procedural or substantive feature of federal maritime law.

To decide this question, it is useful to consider the category of cases in which a seaman seeks some type of expedited determination by the court of maintenance and cure before other issues in the case are resolved—a category that includes the remedy sought by Howard here. The federal decisions addressing this category have settled on some clear rules that show expedited determination is a procedural rather than a substantive issue.

One conclusion we can draw with certainty from the federal decisions is that expedited court determination of maintenance and cure is not always available. Rather, its availability appears to depend on the procedural posture of the case, particularly the identity of the fact-finder. For example, when a jury trial has been waived or is not available, some federal courts have recognized that the district court has the flexibility to hear evidence and make a separate expedited ruling regarding maintenance and cure while reserving other issues for separate determination at a later bench trial. Fed.R.Civ.P. 42(b); *In re Petition of RJF Int'l Corp.*, 261 F.Supp.2d 101, 102 & n. 2 (D.R.I.2003), *aff'd*, 354 F.3d 104 (1st Cir.2004); *see also Johnson v. Marlin Drilling Co.*, 893 F.2d 77, 80 (5th Cir.1990) (remanding for evidentiary hearing on claim to reinstate

---

maritime injuries is constrained by the so-called "reverse-*Erie*" doctrine which requires that the substantive remedies afforded by the states conform to governing federal maritime standards. *See* 28 U.S.C. 1333(1); *Offshore Logistics, Inc. v. Tallentire*, 477 U.S. 207, 222–23, 106 S.Ct. 2485, 2494, 91 L.Ed.2d 174 (1986); *Schlumberger Technology Corp. v. Arthey*, 435 S.W.3d 250, 253, n. 12 (Tex.2014); *Texaco Refining & Marketing, Inc. v. Estate of Dau Van Tran*, 808 S.W.2d 61, 64 (Tex.1991).

10. If a temporary-injunction order fails to comply with the requirements of Texas Rule of Civil Procedure 683, it is subject to being declared void and dissolved, but the "void" character of the order does not mean that the trial court lacked jurisdiction over the case or that the appellate court lacked jurisdiction over the appeal. *See Qwest Communications Corp. v. AT & T Corp.*, 24 S.W.3d 334, 337 (Tex.2000) (per curiam); *InterFirst Bank San Felipe, N.A. v. Paz Constr. Co.*, 715 S.W.2d 640, 641 (Tex.1986) (per curiam). Therefore, the majority should not rely upon the *Coronado* case. *See ante* at p. 44 (citing *Freedom Communications, Inc. v. Coronado*, 372 S.W.3d 621, 623 (Tex.2012) (per curiam)).

maintenance and cure payments); *Tate v. Am. Tugs, Inc.*, 634 F.2d 869, 870 (5th Cir.1981) ("determination of the proper amount of [maintenance] is a factual question, to be decided on evidence presented to the trial court").

But federal courts have made clear that expedited determination of maintenance and cure is not available when—as here—the maintenance and cure claim is coupled with a Jones Act claim on which a jury trial has been demanded. *Fitzgerald v. U.S. Lines Co.*, 374 U.S. 16, 21, 83 S.Ct. 1646, 10 L.Ed.2d 720 (1963) ("[W]e hold that a maintenance and cure claim joined with a Jones Act claim must be submitted to the jury when both arise out of one set of facts."); *Tate,* 634 F.2d at 870–71 (holding that seaman may either "ask for severance of the maintenance claim and an expedited trial of it by the court," or "elect to have a jury trial of that claim when his Jones Act claim is heard," but may not have both); *see also Spencer v. Louisiana ex rel. Dep't of Transp. & Development,* 887 So.2d 28, 34–35 (La.Ct.App.2004) (holding Louisiana law required jury trial of maintenance and cure claim). In such cases, federal courts decide the maintenance and cure claim using either a jury trial or other available procedures for disposition short of trial, such as summary judgment. *E.g., Alario v. Offshore Service Vessels, L.L.C.,* 477 Fed.Appx. 186 (5th Cir.2012) (summary judgment); *Brown v. Parker Drilling Offshore Corp.,* 410 F.3d 166, 170 (5th Cir.2005) (jury trial); *Hall v. Diamond M Co.,* 732 F.2d 1246, 1248 (5th Cir.1984) (summary judgment).

Because a party's ability to obtain an expedited determination of maintenance and cure in federal court varies depending on the procedural posture of the case, I conclude that expedited determination is not a "characteristic feature" of substantive federal maritime law that preempts applicable state procedure. *In re Global-SantaFe Corp.,* 275 S.W.3d 477, 489 (Tex. 2008); *see Perry v. Allied Offshore Marine Corp.,* 618 So.2d 1033, 1036 (La.Ct.App. 1993). Under Texas procedural law, as Justice Christopher's majority opinion explains, the trial court's order compelling maintenance and cure payments is a temporary injunction. Because that order does not comply with Texas Rule of Civil Procedure 683, I agree that it is void and must be dissolved. I therefore join the majority opinion.