**Reversed and Remanded and Majority and Concurring Opinions filed November 13, 2014.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-14-00442-CV

---

## HELIX ENERGY SOLUTIONS GROUP, INC., HELIX SUBSEA CONSTRUCTION, INC., AND HELIX WELL OPS INC., Appellants

### V.

## MATTHEW HOWARD, Appellee

---

**On Appeal from the 125th District Court
Harris County, Texas
Trial Court Cause No. 2013-67699**

---

## C O N C U R R I N G   O P I N I O N

I join Justice Christopher's majority opinion for the Court in full. I write separately to provide further explanation for my conclusion that expedited court determination of maintenance and cure is a procedural rather than a substantive feature of federal maritime law, and thus it does not preempt applicable Texas procedures.

As my colleagues' opinions explain, the federal courts are divided regarding when and under what circumstances a court may compel a seaman's employer to pay the seaman maintenance and cure. Because the federal decisions often do not recount in detail the procedural history of the case or the nature of the filing that led the court to consider the issue of maintenance and cure, they resist tidy classification. I find such classification unnecessary because the narrower question before this Texas court is not whether the remedy requested by Howard would be available in federal court under general maritime law. Instead, it is whether Texas or federal law governs the manner in which such a remedy may be obtained in a Texas state court—that is, whether the remedy's availability is a procedural or substantive feature of federal maritime law.

To decide this question, it is useful to consider the category of cases in which a seaman seeks some type of expedited determination by the court of maintenance and cure before other issues in the case are resolved—a category that includes the remedy sought by Howard here. The federal decisions addressing this category have settled on some clear rules that show expedited determination is a procedural rather than a substantive issue.

One conclusion we can draw with certainty from the federal decisions is that expedited court determination of maintenance and cure is not always available. Rather, its availability appears to depend on the procedural posture of the case, particularly the identity of the fact-finder. For example, when a jury trial has been waived or is not available, some federal courts have recognized that the district court has the flexibility to hear evidence and make a separate expedited ruling regarding maintenance and cure while reserving other issues for separate determination at a later bench trial. Fed. R. Civ. P. 42(b); *In re Petition of RJF Int'l Corp.*, 261 F. Supp. 2d 101, 102 & n.2 (D.R.I. 2003), *aff'd*, 354 F.3d 104 (1st

Cir. 2004); *see also Johnson v. Marlin Drilling Co.*, 893 F.2d 77, 80 (5th Cir. 1990) (remanding for evidentiary hearing on claim to reinstate maintenance and cure payments); *Tate v. Am. Tugs, Inc.*, 634 F.2d 869, 870 (5th Cir. 1981) ("determination of the proper amount of [maintenance] is a factual question, to be decided on evidence presented to the trial court").

But federal courts have made clear that expedited determination of maintenance and cure is not available when—as here—the maintenance and cure claim is coupled with a Jones Act claim on which a jury trial has been demanded. *Fitzgerald v. U.S. Lines Co.*, 374 U.S. 16, 21 (1963) ("[W]e hold that a maintenance and cure claim joined with a Jones Act claim must be submitted to the jury when both arise out of one set of facts."); *Tate*, 634 F.2d at 870–71 (holding that seaman may either "ask for severance of the maintenance claim and an expedited trial of it by the court," or "elect to have a jury trial of that claim when his Jones Act claim is heard," but may not have both); *see also Spencer v. Louisiana ex rel. Dep't of Transp. & Development*, 887 So.2d 28, 34–35 (La. Ct. App. 2004) (holding Louisiana law required jury trial of maintenance and cure claim). In such cases, federal courts decide the maintenance and cure claim using either a jury trial or other available procedures for disposition short of trial, such as summary judgment. *E.g., Alario v. Offshore Service Vessels, L.L.C.*, 477 Fed. Appx. 186 (5th Cir. 2012) (summary judgment); *Brown v. Parker Drilling Offshore Corp.*, 410 F.3d 166, 170 (5th Cir. 2005) (jury trial); *Hall v. Diamond M Co.*, 732 F.2d 1246, 1248 (5th Cir. 1984) (summary judgment).

Because a party's ability to obtain an expedited determination of maintenance and cure in federal court varies depending on the procedural posture of the case, I conclude that expedited determination is not a "characteristic feature" of substantive federal maritime law that preempts applicable state procedure. *In re*

*GlobalSantaFe Corp.*, 275 S.W.3d 477, 489 (Tex. 2008); *see Perry v. Allied Offshore Marine Corp.*, 618 So. 2d 1033, 1036 (La. Ct. App. 1993).  Under Texas procedural law, as Justice Christopher's majority opinion explains, the trial court's order compelling maintenance and cure payments is a temporary injunction. Because that order does not comply with Texas Rule of Civil Procedure 683, I agree that it is void and must be dissolved.  I therefore join the majority opinion.


/s/    J. Brett Busby
Justice


Panel consists of Chief Justice Frost and Justices Christopher and Busby. (Christopher, J., majority) (Frost, C.J., concurring).