

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-23-00086-CV

———————————————

MIKE WILLIAMS AND RICHARD MICHAEL, Appellants

V.

NE CS FIRST NATIONAL, LP, Appellee

On Appeal from the 48th District Court
Tarrant County, Texas
Trial Court No. 048-335909-22

Before Bassel, Womack, and Walker, JJ.
Memorandum Opinion by Justice Bassel

# MEMORANDUM OPINION

## I. Introduction

After a convoluted series of events, Appellants Mike Williams and Richard Michael—who were not parties to a procurement agreement between Appellee NE CS First National, LP (NE) and Purchasing Solutions International, Inc.—ended up as parties to amendments to the procurement agreement, and those amendments stated that Appellants would convey to NE their personal interest in three condominiums in Mexico. When Michael informed NE's attorney that he would not proceed with the conveyance, NE sought and obtained a temporary injunction, enjoining Appellants from taking various actions, including conveying the condominiums to anyone other than NE. Williams and Michael[1] have each filed a notice of appeal and appellate brief challenging the temporary-injunction order on various grounds: Williams raises eleven issues, and Michael, who incorporates Williams's arguments into his brief, raises an additional issue. On its face, the temporary-injunction order does not comply with the mandatory requirements of Rule 683 of the Texas Rules of Civil Procedure. Therefore, the trial court's order is void. Accordingly, we dissolve the order and remand for further proceedings.

---

[1]As set forth in the record, Williams and Michael are legally married, but they have different roles in the underlying litigation and have appealed separately.

## II. Background

After the hearing on the temporary-injunction application and the submission of post-hearing briefs by the parties, the trial court granted NE's application for a temporary injunction. The trial court's order included the following:

> [NE has] presented evidence that Williams and Michael agreed to convey certain properties to [NE] in satisfaction of a debt. The properties are specified in [NE's p]etition and in the [a]pplication, and are identified as . . . follows:

| Address | City | State | Zip Code | Est. Value | Personal Property | Net Value |
|---------|------|-------|----------|------------|-------------------|-----------|
| Barra de Navidad 1230, Unit PH2 | Conchas Chinas | Jalisco | 48360 | $1,200,000 | ($50,000) | $1,150,000 |
| Pilitas 177, Unit 501 | Puerto Vallarta | Jalisco | 48399 | $400,000 | ($35,000) | $365,000 |
| Pilitas 177, Unit PH3 | Puerto Vallarta | Jalisco | 48399 | $410,000 | ($35,000) | $375,000 |
| **NET ESTIMATED VALUE OF CONDOMINIUMS** | | | | | | **$1,890,000** |

> [Appellants] have presented various defenses to [NE's] claims. The [c]ourt finds that [NE] has established a probable right to relief, and probable injury if the relief requested in the [a]pplication is not granted. Therefore, in order to maintain the status quo during the litigation, the [c]ourt finds that the Application should be granted.

Following those recitations, the order enjoined Williams and Michael[2]—as well as "their officers, agents, servants, employees, and attorneys, and all those acting in concert with them who receive notice of the order by personal service or otherwise"—from conveying or encumbering the condominiums in any manner other

---

[2]The order also named an entity, but that entity is not involved in this appeal.

3

than to NE, materially altering the condominiums in any way, "destructing the condominiums," and failing to maintain the condominiums. The temporary-injunction order set the case for trial and set NE's bond.

## III. The Temporary-Injunction Order Is Void

Although neither Williams nor Michael raised any challenges to the temporary-injunction order's compliance with Texas Rule of Civil Procedure 683, we cannot affirm a void order. We therefore set forth the standard of review and the mandatory requirements of Rule 683, followed by our analysis of why the temporary-injunction order at issue fails to conform to Rule 683's requirements and is therefore void.

### A.    The Standard of Review

The decision to grant or deny a request for a temporary injunction is within the trial court's discretion, and we will not reverse its decision absent an abuse of discretion. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002) (op. on reh'g). In ordering temporary-injunctive relief, a trial court abuses its discretion if it does not strictly comply with the requirements of Rule 683. *Home Asset, Inc. v. MPT of Victory Lakes Fcer, LLC,* No. 01-22-00441-CV, 2023 WL 3183322, at *1 (Tex. App.—Houston [1st Dist.] May 2, 2023, no pet.) (mem. op.).

### B.    Applicable Law

Rule 683, which governs the form and scope of temporary injunctions, sets forth mandatory requirements that a trial court must abide by when ordering the extraordinary remedy of a temporary injunction. *Id.* If the trial court does not do so,

4

its order is void.  *Id.*; *SISU Energy, LLC v. Hartman*, No. 02-19-00436-CV, 2020 WL 4006725, at *14 (Tex. App.—Fort Worth July 16, 2020, no pet.) (mem. op.).

Rule 683 requires, among other things, that every order granting an injunction "shall set forth the reasons for its issuance" and "shall be specific in terms."  Tex. R. Civ. P. 683.  Rule 683 also requires that a temporary-injunction order state precisely why the applicant would suffer irreparable injury in the absence of an injunction preserving the status quo pending a trial on the merits.  *Home Asset*, 2023 WL 3183322, at *2; *SISU Energy*, 2020 WL 4006725, at *14.  Even when a lawsuit relates to real estate in some fashion, the trial court is not excused from Rule 683's mandate that a temporary-injunction order explain why irreparable harm will result without an injunction.  *Home Asset*, 2023 WL 3183322, at *4.  An unsupported or conclusory statement in the order that irreparable harm would occur is insufficient to satisfy Rule 683.  *Home Asset*, 2023 WL 3183322, at *2; *SISU Energy*, 2020 WL 4006725, at *14.

As the Houston First Court of Appeals has further explained,

> Due to Rule 683's explicit mandate that a trial court specify its reasons for the issuance of a temporary injunction in the temporary-injunction order itself, we cannot infer the reasons for an injunction from the pleadings, evidence presented at the hearing on the application, or the trial court's oral pronouncement.  Accordingly, we cannot affirm a temporary-injunction order that does not comply with Rule 683 on the ground that the trial court nonetheless made a reasonable decision based on the underlying facts of the case.
>
> Because a temporary-injunction order that does not satisfy Rule 683's requirements is void, rather than voidable, error preservation is not required.  Indeed, an appellate court must dissolve a void temporary-injunction order even if the litigants do not raise the issue on appeal.

5

*Home Asset*, 2023 WL 3183322, at *2 (citations omitted); *see also Clark v. Hastings Equity Partners, LLC*, 651 S.W.3d 359, 370 n.8 (Tex. App.—Houston [1st Dist.] 2022, no pet.) ("Indeed, even where a party does not raise the issue, courts may sua sponte declare a temporary injunction order void if it does not comply with Rule 683.").

## C.     Analysis

In the temporary-injunction order, the trial court found that NE "ha[d] established a probable right to relief[] and probable injury if the relief requested in the [a]pplication [was] not granted." This is even less specificity and reasoning than what the San Antonio Court of Appeals has held to violate Rule 683's requirements. In *Maldonado v. Franklin*, the sole reasoning given in the temporary-injunction order was that "[t]he [c]ourt finds that the Plaintiffs have a probable right of recovery in this cause and that a temporary injunction is warranted and necessary to prevent irreparable harm, for which the Plaintiffs have no adequate remedy at law." No. 04-18-00589-CV, 2019 WL 451735, at *2 (Tex. App.—San Antonio Feb. 6, 2019, no pet.) (mem. op.). The San Antonio court explained that

> [c]ontrary to Rule 683's requirements, the order does not specifically state the reasons for granting the injunction.
>
> The order's conclusory statements, unsupported by any facts, that the "injunction is warranted and necessary to prevent irreparable harm" and that the [appellees] "have no adequate remedy at law" do not meet Rule 683's requirements for specificity.

6

> The order fails to state, with specificity, the reasons why the [appellees] would suffer irreparable injury if the injunction did not issue; it does not meet Rule 683's requirements.

*Id.* (citations omitted).

Here, the temporary-injunction order, on its face, contains only a conclusory statement of probable injury, which cannot support injunctive relief. Moreover, the order is completely devoid of any recital of the imminent and irreparable harm that might flow to NE in the absence of a temporary injunction. Even if the trial court concluded that NE would suffer irreparable harm, the injunction is void because the trial court did not recite any facts and include an explanation supporting its conclusion; thus, it did not meet the mandate of Rule 683 requiring it to "set forth the reasons for its issuance." *See* Tex. R. Civ. P. 683; *Quintanilla v. De La Rosa*, No. 13-20-00575-CV, 2021 WL 3085854, at *2 (Tex. App.—Corpus Christi–Edinburg July 22, 2021, no pet.) (mem. op.) (holding temporary-injunction order void because it did not contain any statement explaining the reasons for its issuance); *Grounds v. First GroundRock Royalties, LLC*, 629 S.W.3d 674, 678 (Tex. App.—San Antonio 2021, no pet.) (holding temporary-injunction order void because its reference to the application did not satisfy Rule 683's requirement that the order specifically state "the reasons why injury will be suffered if the interlocutory relief is not ordered"); *Vantage Bank Tex. v. Gonzalez*, Nos. 13-19-00265-CV, 13-19-00371-CV, 2020 WL 1615662, at *3 (Tex. App.—Corpus Christi–Edinburg Apr. 2, 2020, no pet.) (mem. op.) (holding that even if the trial court concluded that the party seeking the injunction would suffer

7

irreparable harm, the injunction was void if the court did not recite the facts and include an explanation supporting its conclusion); *Maldonado*, 2019 WL 451735, at \*2.

## IV. Conclusion

Having held that the temporary-injunction order does not comply with Rule 683, we declare the temporary-injunction order void, we dissolve the temporary injunction, and we remand the case to the trial court for proceedings consistent with this opinion. Because of this conclusion, we do not reach Appellants' issues. *See* Tex. R. App. P. 47.1. We further instruct the clerk of this court to issue the mandate immediately. *See* Tex. R. App. P. 18.6; *SISU Energy*, 2020 WL 4006725, at \*17 (citing *Helix Energy Sols. Grp., Inc. v. Howard*, 452 S.W.3d 40, 45 (Tex. App.—Houston [14th Dist.] 2014, no pet.), and dissolving a void temporary injunction and directing the clerk of the appellate court to issue the mandate immediately).

/s/ Dabney Bassel

Dabney Bassel
Justice

Delivered: July 27, 2023

8